17819

Emil H. KLATT, Respondent, v. Bert H. WALLING, Appellant
(121 S. E. (2d) 233)

*James D. Walters, Esq.,* of Columbia, *for Appellant,*

*Messrs. Harvey & Harvey,* of Beaufort, *for Respondent,*

August 8, 1961.

TAYLOR, Chief Justice.

This appeal comes from the Court of Common Pleas for Beaufort County. The pleadings raised the issues of whether the partnership existent between the parties should be dissolved and a Receiver appointed to take charge of the property, business, and affairs of the partnership with an ac-

counting between the parties; whether defendant should be ordered to convey title to plaintiff to a 9.9 acre tract of land upon which residence of plaintiff had been erected and whether the property of the partnership should be sold; and what sums of money the parties should be charged with, if any, and for what purposes. Also raised was the issue of the compliance by plaintiff with the written agreement dated October 10, 1958, wherein he bound himself to purchase certain real and personal property from the defendant as his contribution to the partnership assets.

On December 21, 1959, Judge J. Henry Johnson, Resident Judge of the Fourteenth Judicial Circuit, issued his Order to the effect that a partnership did exist between the plaintiff and defendant, that a Receiver should be appointed of the property and affairs of the partnership, and appointed, with plaintiff's consent, defendant as Receiver of the property and affairs of the partnership. The Order also restrained the defendant from disposing of or encumbering any of the partnership property *pendente lite*.

On April 23, 1960, Judge J. Henry Johnson issued a general Order of reference referring the case to the Honorable Paul Frank Haigler, Attorney, to take testimony, determine the issues involved, and report his findings of fact and conclusions of law. The Report of the Special Referee, dated September 27, 1960, was filed in the Office of Clerk of Court for Beaufort County. On October 7, 1960, plaintiff filed notice of motions to recommit the matter to the Special Referee on the grounds that the Report of the Special Referee failed to comply with the provisions of Section 10-1412, Code of Laws of South Carolina, 1952, and for an Order rejecting or modifying the Report. Exceptions to the Report were also filed.

Hearings and arguments were heard by Judge J. B. Pruitt, Presiding Judge, who issued his Order dated October 31, 1960, providing that plaintiff and defendant each pay to the Receiver the sum of $1,250.00 for the care, feed-

ing, and protection of the partnership assets. Judge Pruitt stated orally to counsel for both parties that he would not recommit the matter to the Special Referee and that the decision of passing upon and ruling on the exceptions to the Special Referee's Report would be held in abeyance. On January 19, 1961, Judge Pruitt issued his Order directing the Clerk of Court to sell at public sale a 380.8 acre tract of land involved in the partnership, the German Shepherd dogs referred to in the pleadings, the farm machinery, equipment and other personal property of the partnership. The Order of sale did not include the 9.9 acre tract of land described in the written agreement dated October 10, 1958, and upon which the residence of plaintiff had been erected. There is in evidence, without objection from either party, a written agreement setting forth provisions of a partnership between the plaintiff and defendant whereby plaintiff agreed to purchase certain lands, equipment, dogs, and farm machinery from the defendant at a fixed price set forth in the written agreement.

This appeal is taken from the Order of Judge J. B. Pruitt, dated January 19, 1961, ordering the sale of the 380.8 acre tract of land, German Shepherd dogs, farm machinery and equipment, defendant contending that the Court erred in ordering the sale of the above items of the partnership and omitting the sale of 9.9 acres upon which plaintiff had constructed a residence. There is no contention that the 380.8 acres of land, German Shepherd dogs, farm machinery and equipment ordered sold are not the property of the partnership. Even so, there is no appeal from Judge Johnson's Order of December 21, 1959, dissolving the partnership and appointing a Receiver; and Judge Pruitt's Order of January 19, 1961, to the effect that these items are partnership assets, is the law of the case.

There is no question but what the Court of Common Pleas in such action has the power to order the sale of partnership assets, Article 1, Chapter 1, Title 52, Code of Laws of South Carolina, 1952. See also 3 South

Carolina Law Quarterly 471; *Wrenn v. Wrenn et al.,* 228 S. C. 588, 91 S. E. (2d) 267.

Defendant's contention apparently is that the Court should have ordered compliance with the written contract prior to ordering the sale of the property described in the contract and that the amounts due defendant by plaintiff should be finally adjudicated prior to the sale of the partnership assets.

No hard and fast rule has been provided for the handling of a partnership dissolution except that it is discretionary with the Court and the facts in each particular case should govern, *Wrenn v. Wrenn et al., supra.* Certainly the assets should be conserved as much as possible.

The testimony reveals that the keeping of the dogs is quite expensive, and there is no further use to which the farm machinery and equipment might be put. All of which are unquestionably assets of the partnership. Title to the 9.9 acre tract which defendant contracted to sell plaintiff as a site for his home and on which plaintiff, with the knowledge and assistance of defendant, erected his home is in dispute and yet to be adjudicated.

We see no error in the Court ordering sale of the undisputed assets of the partnership prior to the final adjudication of the rights of the parties with respect to the disputed 9.9 acres.

The Order appealed from should be affirmed, and it is so ordered. Affirmed.

Oxner, Legge, Moss and Lewis, JJ., concur.