18667

Frances C. JACOBSON, Respondent-Appellant, v. Henry YASCHIK, Appellant-Respondent

(155 S. E. (2d) 601)

*Morris D. Rosen, Esq.,* of Charleston, *for appellant,*

*Messrs. Buist, Buist, Smythe & Smythe,* of Charleston, *for Respondent,*

*Messrs. Buist, Buist, Smythe & Smythe* of Charleston, *for Appellant,*

*Morris D. Rosen, Esq.,* of Charleston, *for Respondent,*

June 12, 1967.

Moss, Chief Justice:

Frances C. Jacobson, the plaintiff herein, instituted this action against Henry Yaschik, the defendant herein, and in her complaint she set forth two causes of action. It is alleged in the complaint that the plaintiff was the owner of fifty shares of the capital stock of a corporation known as Syndicate, Inc. and such was 25% of the capital stock thereof, and the defendant was the owner of 150 shares or 75% of the capital stock of the corporation. It is alleged that the defendant was the president, general manager, majority stockholder and dominant figure in the corporation. The only asset of the corporation was a tract of land containing 82 acres in Charleston County, about 80 acres of the said tract was on the northwest side of Highway No. 7 and two acres on the southeast side of said highway. It is alleged that the parties were negotiating for the sale of the land and subsequently negotiated with each other for the purchase by the defendant of the 50 shares of stock owned by the plaintiff. These negotiations resulted in an agreement and sale of the plaintiff's stock to the defendant on May 8, 1964, for a consideration of $30,000.00. It is further alleged that, unknown to the plaintiff, the defendant had on May 1, 1964, entered into a contract with Southern Mortgage Company for the sale of all of the capital stock of Syndicate, Inc. for the sum of $144,000.00, and at such price the plaintiff's stock had a value of $36,000.00. The contract further provided that there was excluded from its operation the two acre tract of land hereinbefore referred to, which tract was conveyed, for a nominal consideration, to a corporation owned by the defendant.

The first cause of action alleges that the defendant had contracted to sell plaintiff's stock in Syndicate, Inc. at a price in excess of that which he was paying the plaintiff, entitling her to an accounting and recovery of the excess of the value that the defendant received for the stock over the price that he paid her. It is further alleged that the defendant failed to inform the plaintiff that he had contracted to sell her stock at a price in excess of that which he was paying to her and such was a fraudulent concealment on his part, in violation of his fiduciary duty to her as a fellow stock-holder. She asks that the defendant be required to account to her for all her proper *pro rata* share of the full value received by him for the sale of the corporate stock and the distribution of its assets.

In the second cause of action the plaintiff alleges that by reason of the defendant's fiduciary duty to reveal to her the offer and actual contract that he had received for the sale of the corporate stock and his failure to reveal such amounted to a constructive representation to her that no such offer or contract had been received. It is alleged that this representation was false and material; defendant knew it was false and he intended that the plaintiff should rely on its truth; the plaintiff was ignorant of the falsity and did rely on its truth as she had a right to do, to her injury and damage, in the sum of $100,000.00 actual and punitive damages.

The defendant demurred to both causes of action and contends (1) that neither states facts sufficient to constitute a cause of action against him since there is no allegation that he actively misled or perpetrated a fraud upon the plaintiff, the only wrong alleged being that he was silent as to the arrangements he had previously made to sell the stock of the corporation; and (2) there is no allegation that the defendant had gained any special knowledge in his capacity as an officer and member of the board of the corporation.

The defendant, reserving his rights under the demurrer, moved to require the plaintiff to elect as to whether she would proceed on the first or second cause of action set forth in the complaint, where both the causes of action are based upon the same unlawful conduct of the defendant, namely, alleged fraudulent concealment and alleged fraudulent constructive representation due to concealment.

The demurrer and motion of the defendant were heard by The Honorable C. Bruce Littlejohn, Presiding Judge, and on August 31, 1966, he filed an order overruling the demurrer of the defendant and requiring the plaintiff to elect whether she would proceed under the first or second cause of action stated in the complaint. Timely notice of intention to appeal to this court was given by both parties.

We first consider whether the trial judge was in error in overruling the demurrer interposed by the defendant. We consider the foregoing question in the light of the rule that in passing upon a demurrer the defendant is limited to a consideration of the pleadings under attack. All of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. When a fact is pleaded, whatever inferences of law and conclusions of fact that may properly arise from it, are to be regarded as embraced in such averment. When a complaint is attacked by a demurrer it must be liberally construed. *Sandy Island Corp. v. Ragsdale,* 246 S. C. 414, 143 S. E. (2d) 803.

The issue involved in this case is whether, under the circumstances above set forth, it was the duty of the defendant, acting in good faith, to disclose to the plaintiff the facts bearing upon or which might affect the value of her stock. The defendant argues that no cause of action is stated in the complaint because a corporate officer owes no fiduciary duty to a stockholder before purchasing the stock of such stockholder for himself. The question of the obligation of an officer of a company to disclose all information

that he may have as to the value of the corporate stock before purchasing the stock of a fellow stockholder for himself has been the subject of some conflict of authority.

The majority rule is that an officer or director of a corporation does not stand in a fiduciary relation with a stockholder with respect to his stock and in the absence of circumstances from which fraud or unfair dealings may be inferred, an officer or director of a close corporation is under no duty to volunteer information to a stockholder from whom he purchases stock. An exception or limitation to this general or majority rule is that where a director or officer has knowledge of special facts by virtue of which the value of the stock has been enhanced, but which special facts are not known to the minority stockholder, the officer or director is required to make a full disclosure of such facts. The failure of such officer or director to make a full disclosure may amount to actual fraud or deceit so as to entitle the minority stockholder to relief. 7 A. L. R. (3d) 500. The minority rule is that an officer or director of a corporation stands in a fiduciary relationship to the individual stockholders and irrespective of any special facts an officer or director of a corporation acts in a fiduciary capacity and in every instance must make a full disclosure of all relevant facts when purchasing shares of stock from a stockholder. Fletcher's Cyclopedia on Corporations, Vol. III, Sec. 1168.2.

One of the exceptions to the general rule that a corporate officer or director does not stand in a fiduciary relation with a stockholder with respect to the purchase of the latter's stocks is when special circumstances affecting the value of the stocks exist. Such may consist of a forthcoming assured sale of corporate assets, or an offer of purchase of the stocks by an interested third party, or any other fact or condition enhancing the value of the stocks, known by the officer, director, or the majority but not by the minority stockholder, and which could not be ascertained by an inspection of the books, which special circumstances would require the

purchasing party having knowledge of such circumstances to make a full disclosure of all pertinent information as to the property and financial condition of the corporation. 7 A. L. R. (3d) 504.

In the case of *Black v. Simpson,* 94 S. C. 312, 77 S. E. 1023, 46 L. R. A., N. S., 137, it appears that the defendant was a director and general manager of the corporation in which the plaintiffs were shareholders. It is alleged that while the defendant was occupying this trust relation to the plaintiffs and by means of false representations as to the condition of the corporation and the value of its property induced the plaintiffs and other shareholders to sell him their stock. It further appears that after thus acquiring all or nearly all of the shares of stock, the defendant sold the corporate assets at much more than he had paid the shareholders therefor, to his great profit and their great loss. The defendant demurred to the complaint and such was overruled by the trial judge. This court, in affirming such order, had this to say:

"* *· .* The defendant, as director and manager, was trustee not only of the corporation, but for all the stockholders. 10 Cyc. 787; 2 Pomeroy's Eq., § 1090. His duty was to manage the corporate property for the benefit of the stockholders; and in the performance of that duty he was chargeable with the utmost good faith. It was a breach of his trust to all of the stockholders to use any means to acquire for himself the corporate property, except in the open after giving to the stockholders, fully and candidly, all material information he possessed as to its condition and value. Yet, according to the complaint, he entered upon a scheme to control the corporation and acquire the corporate property for his own advantage by positive concealment as to the real condition of the corporation and the value of its property. * * *"

We think that the holding in the *Black* case commits this court to the minority rule above stated, that officers and directors of a corporation stand in a

fiduciary relationship to the individual stockholders and in every instance must make a full disclosure of all relevant facts when purchasing shares of stock from a stockholder. Having reached this conclusion, it was the duty of the defendant to disclose to the plaintiff the price at which he was selling all of the stock in the corporation to Southern Mortgage Company.

The defendant takes the position that the only wrong alleged in the complaint was that he was silent as to the arrangement he had previously made to sell the stock of the corporation. The nondisclosure of this fact becomes fraudulent because it was the duty of the defendant having knowledge of the facts, to disclose such to the plaintiff. We have held that nondisclosure becomes fraudulent when it is the duty of the party having knowledge of the facts to uncover them to the other. The duty to disclose may be reduced to three distinct classes: (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties. *Warr v. Carolina Power & Light Co.,* 237 S. C. 121, 115 S. E. (2d) 799; *Gordon v. Fidelity & Casualty Co.,* 238 S. C. 438, 120 S. E. (2d) 509.

We think the trial judge properly overruled the demurrer. Here, the defendant was president, general manager, majority stockholder and a director of the corporation and received an offer from a prospective purchaser for the purchase of all of the stock of the corporation at a certain price and he was under a duty to reveal such offer to the plaintiff, the only other stockholder in the

corporation; and that his purchase of the stock of the plaintiff for a lesser price, when such prospective sale was assured, or after it had been contracted for, was a violation of his fiduciary duty to the plaintiff for which he may be held accountable.

The only other question for consideration is whether the trial judge erred in granting the motion of the defendant to require the plaintiff to elect *at this time* whether she would proceed on the first or second causes of action set out in the complaint, where the two causes of action are based upon the same factual allegations.

Each of the causes of action set forth in the complaint herein is based upon a fraudulent breach of the fiduciary duty owed by the defendant to the plaintiff. It is apparent that only one wrong is complained of and such was accomplished by a fraudulent concealment and a constructive false representation. The first cause of action is for an accounting for the loss sustained by the plaintiff arising by reason of the fraudulent breach of defendant's fiduciary duty to her. The second cause of action is for actual and punitive damages based upon the same fraudulent breach of defendant's fiduciary duty to the plaintiff. It thus appears that while, in form, the complaint states two causes of action, in fact only one is stated. The sole wrong for which the plaintiff attempts to recover against the defendant is that, while the parties were in a fiduciary relation, the defendant contracted to sell her stock at a price in excess of that which he had contracted to pay her and in failing to inform her that he had so contracted. In the first cause of action this conduct on the part of the defendant is characterized as a "fraudulent concealment" and in the second cause of action such conduct is characterized as "a constructive representation" which was false.

It is our conclusion that the plaintiff has stated only one cause of action arising out of a single tort and even though the plaintiff alleges the same cause of

action twice, the grounds upon which recovery is to be had are the same. Having construed the complaint herein as stating only one cause of action, the law affords the plaintiff two remedies for the redress of her wrong. She can sue in equity for an accounting for the loss she has sustained by reason of the fraudulent conduct of the defendant. It has been held that an accounting in equity could be had in a tort case where the complaint charged fraud involving a fiduciary and trust relationship. The cases so holding are collected in 53 A. L. R., at page 818. However, if this remedy is pursued punitive damages cannot be awarded by the court in the exercise of its chancery powers. *Standard Warehouse Co. v. Atlantic C. L. Ry. Co.*, 222 S. C. 93, 71 S. E. (2d) 893. The other remedy is an action at law in which the plaintiff. may recover actual and punitive damages for the fraud committed by the defendant.

The plaintiff concedes that she is entitled to only one recovery but argues that she should not be required now, in advance of the evidence, to elect which remedy she will invoke, admitting however, that an appropriate time will arrive for requiring an election.

In the case of *Tzouvelekas v. Tzouvelekas,* 206 S. C. 90, 33 S. E. (2d) 73, this court said:

"Election of remedies involves a choice between different means of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action. It is said in *Barfield v. J. L. Coker & Co.,* 73 S. C. 181, 53 S. E. 170, 173: 'Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts'."

It is the general rule that where a plaintiff is invoking a remedy at law and one in equity against a defendant at the same time for the same cause, he may be compelled by the court on application by the defendant to elect whether he will proceed with the one or the other. Where there is no controversy as to whether the two rem-

edies sought to be invoked are for the same cause or where it appears that the court can ascertain all of the material facts from an inspection of the pleadings, an election may be required at any stage of the proceeding. However, "* * * the complainant will not be called on to elect until after the defendant has answered, because the complainant is entitled to all possible information in order that he may make an intelligent election." 25 Am. Jur. (2d), Election of Remedies, Section 31, pages 673, 674.

The record does not reflect whether the defendant has yet answered. Whether the plaintiff seeks redress upon her single cause of action at law or in equity, proof of the same facts alleged in the complaint will establish her right to recovery. She has no right to proceed in both forums at the same time and, of necessity, must decide in advance of any trial which forum she will enter. Her remedies are not based on inconsistent facts, and she will suffer no prejudice, once the issues are fully joined, by being required to decide in advance of trial which remedy she will pursue.

It was the conclusion of the trial judge that the complaint herein alleged but one wrong which gave rise to but one cause of action. He further held that the plaintiff had, in effect, split her cause of action into two causes of action and he required her to elect whether she would proceed under the first or second cause of action. The effect of what the trial judge directed was to require the plaintiff to elect as to whether she would proceed at law or in equity. We affirm the result of what he did by holding that the plaintiff must timely choose between the different remedies allowed by law on the same state of facts. In so doing, we apply Rule 4, Section 8 of this Court. Such choice on the part of the plaintiff shall be made within twenty days after the filing of the remittitur herein, or within twenty days following the joinder of the issues, whichever be the later. In view of our conclusion that the complaint states only one cause of action, it will not be necessary for the plaintiff to file an amended complaint.

The judgment of the lower court, as modified herein, is affirmed.

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., disqualified.