20703

C. Heath MANNING, Respondent, v. J. Donald DIAL, Appellant.

(245 S. E. (2d) 120)

*Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant.*

*Whaley, McCuthen & Blanton,* Columbia, *for respondent.*

June 5, 1978.

NESS, Justice:

This action for fraud and deceit was brought by respondent Manning against appellant Dial in connection with a stock sale. Upon a trial by jury, Manning was awarded $23,750.00 actual damages and $125,000.00 punitive damages. We affirm.

Prior to the difficulties which precipitated this law suit, the parties enjoyed a longstanding personal and business relationship, and engaged in extensive joint real estate development. In the early 1960's they began development of the Woodland Hills Subdivision near Columbia. In 1965 the parties formed Woodland Utilities, Inc. to operate the sewer system, with each owning fifty per cent of the stock and Dial serving as President. When Dial purchased respondent's interest in the Woodland Hills Subdivision in 1968, Manning retained his one-half interest in the utility company.

In 1971, the parties discussed enlarging their joint sewer operation with officials of the SCE&G and the Health Department. However, without Manning's knowledge, Dial purchased a tract of land and began construction of his own sewer treatment plant called the Stoops Creek Plant.

When Manning learned of Dial's proposed plant, the relationship between the parties deteriorated and they began negotiations for the division of approximately $1,700,000.00 worth of jointly owned property, including Woodland Utilities, Inc. As a result, Manning sold his stock in the utility company to Dial for $50,000.00.

Subsequently, Manning learned that several commercial customers of Dial's had tapped onto Woodland Utilities, Inc. in 1972 pending completion of Dial's Stoops Creek Plant.

Two of these customers, the Thunderbird Motel and Raintree Apartments, were completed before Dial's new plant was operational, and he connected them onto Woodland's lines and lagoon without informing Manning.

Manning claims he would have assigned a higher value to his stock if he had known of the tap-on by these commercial customers at the time he sold his stock to Dial. Moreover, Manning never received any fees for this use, although he owned half the stock in the utility company at the time.

Dial argues the use was worthless because it was temporary. Manning contends Dial was able to avoid defaulting on his contract with these substantial customers by connecting them onto the lines of Woodland Utilities, Inc. The jury apparently concluded that Dial's non-disclosure resulted in Manning's sale of his stock for substantially less than its worth.

Initially, Dial asserts the trial court erred in denying his motions for non-suit, directed verdict and judgment *N.O.V.* Appellant contends he was entitled to judgment as a matter of law based on the alleged release contained in the agreement for the sale of stock. We disagree.

It is manifest when considering such motions that the trial judge must view the evidence in the light most favorable to the party opposing the motion. *Gilbert v. Mid-South Machinery Company, Inc.,* 267 S. C. 211, 227 S. E. (2d) 189 (1976). A review of the record in the light most favorable to Manning demonstrates the trial judge did not err in denying appellant's motions.

The January 12, 1973 agreement contained the following "release":

". . . Manning will release by appropriate instrument to Dial all right, title, and interest which he claims in the common stock of Woodland Utilities, Inc. or in Woodland Utilities, Inc. itself and any claims that he may have in con-

nection with Woodland Utilities and Alpine Utilities . . ." (Plaintiff's Exhibit No. 9.)

The language of the release is ambiguous. Respondent asserts the language that "Manning will release by appropriate instrument" indicates the parties contemplated the execution of a subsequent agreement to effect the release. This is one possible interpretation of the language.

Moreover, when viewed in respondent's favor, the evidence creates an inference of fraud by Dial. As the managing officer of Woodland Utilities, Inc., he owed Manning a fiduciary duty to make a full disclosure of all relevant facts when purchasing his shares of stock. *Jacobson v. Yaschik,* 249 S. C. 577, 155 S. E. (2d) 601 (1967). Non-disclosure is fraudulent when there is a duty to speak. *Gilbert v. Mid-South Machinery Company, Inc., supra; Lawson v. Citizens & Southern National Bank of South Carolina,* 259 S. C. 477, 193 S. E. (2d) 124 (1972). The case was thus properly submitted to the jury.

Appellant next excepts to the judge's charge. Appellant's counsel requested the judge to charge that the jury had to return a verdict for Dial if they found he either owned or had an unfettered right to use the sewer lagoon. Appellant asserts the judge's refusal constituted error. We disagree. Dial suffered no prejudice by the judge's failure to include the requested charge. The evidence was sufficient that Manning retained his interest in the utility company until January of 1973. In his final argument to the jury, counsel for appellant conceded that ownership was not the critical issue:

"[O]ne thing I want to mention to you, we've been arguing about the ownership of the lagoon down here, and the ownership of the lines . . .. Well, the issue of the ownership of the lines and lagoon isn't really the . . . that's not the important thing here. The ownership doesn't determine the outcome of this case . . . The issue here is one of fraud. Who owned it is not the overriding issue." (Tr. P. 456.)

Appellant next asserts the trial judge erred in charging the jury on the general duty which a managing officer owes his corporation and its stockholders, and on the duty which he owes a stockholder when purchasing his stock. This exception is without merit. The charge objected to by Dial legitimately addressed one of the critical issues in the case.

Appellant submitted five written requests to charge which pertained to the duty to make a reasonable investigation into the facts. The judge presented four of the five charges to the jury. Appellant maintains he was prejudiced by the failure of the judge to present the fifth charge and that he is therefore entitled to a new trial. We disagree.

The charges of a trial judge must be considered and taken as a whole. *Dickard v. Merritt,* 256 S. C. 458, 182 S. E. (2d) 886 (1971). We believe the judge sufficiently instructed the jury on the duty to make a reasonable investigation. The charge at issue deals with a duty where the party has undertaken a partial inquiry. There was no evidence of a partial inquiry here. Accordingly, this exception is without merit.

Appellant also submitted three requests to charge which relate to the failure to establish a confidential relationship, one of which was presented to the jury by the trial judge. The two requests which the trial judge refused were taken from a 1936 Texas case which was ultimately reversed by the Supreme Court of Texas. There is no error in refusing to charge erroneous statements of law.

Appellant finally asserts the trial judge erred in permitting Manning to offer evidence as to affirmative misrepresentations where the complaint alleged fraud and deceit and where the answer alleged that no representation had been given. This has no merit. Pleadings should be construed liberally so that substantial justice is done between the parties. *Athanas v. City of Spartanburg,* 196 S. C.

19, 12 S. E. (2d) 39 (1940). The proof complained of was that appellant had misrepresented the obligations of Woodland Utilities, Inc. during the negotiations by misrepresenting the status of certain bills. In his answer Dial alleged that no representation, warranty, or financial statements were requested or given by one party to the other. Having pled this as the truth, appellant was not prejudiced by the evidence of the affirmative misrepresentations offered by respondent.

We conclude the case was properly submitted to the jury, and that the exceptions raised by appellant lack merit. Accordingly, we affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.