21384

LANDVEST ASSOCIATES, Respondent, v. Marion B. OWENS, Jr., Appellant, and LANDVEST II, Respondent, v. Marion B. OWENS, Jr., Appellant.

(274 S. E. (2d) 433)

*Coming B. Gibbs Jr.,* of *Gibbs, Gaillard, Rowell & Tanenbaum,* Charleston, *for appellant.*

*Theodore B. Guerard,* of *Guerard & Applegate,* Charleston, *for respondents.*

January 26, 1981.

LEWIS, Chief Justice:

The respondents initiated these actions to recover for alleged hidden profits on the sale of real estate to their partnership. The sole issue on appeal is whether or not their first cause of action for an accounting under Section 33-41-540, South Carolina Code of Laws (1976) and their second cause of action for fraud as a result of an affirmative misrepresentation are distinct causes of action. The lower court held that they were. We disagree and reverse.

Each respondent's complaint alleges that they, along with others, are limited partners in an association. The appellant is the general partner. In accordance with the terms of the partnership agreement, the appellant was to provide certain parcels of land. After the appellant transferred the land to the partnership and received in return notes for payment, it was learned by the respondents that the appellant did not transfer the property at his cost, but rather at a profit and without the consent of respondents, the limited partners. Following these generalized allegations, the complaint delineates two causes of action.

> For a first cause of action, the respondents allege that they are entitled to an accounting under the provisions of Section 33-41-540 which provides:

Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction

connected with the formation conduct or liquidation of the partnership or from any use by him of its property.

The respondents' second cause of action is one in fraud seeking money damages. Essentially they allege that the appellant affirmatively represented to the respondents that he was transferring the land at cost and without any profit. They also allege they were entitled to rely on these representations because of the fiduciary relationship existing between the parties.

At the appropriate time the appellant made a motion for the respondents to elect between the two causes of action. He argued that the respondents had alleged only one cause of action for which the law affords two possible remedies for redress, only one of which may be ultimately pursued. The lower court denied the motion by reasoning that although the two actions arise out of the same transaction, they are based upon an entirely different set of facts. We disagree that any essential factual differences are alleged.

We have defined a cause of action as: A primary right possessed by plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consists in a breach of such primary right and duty . . . *Harth v. United Insurance Company of America*, 266 S. C. 1, 221 S. E. (2d) 102; at 266 S. C. 5, 221 S. E. (2d) 104, citing *Brice v. Glenn*, 165 S. C. 509, 164 S. E. 302.

We have previously considered the nature of the primary right of the plaintiff and the primary duty of the defendant in a very similar context to that presented here. *Jacobson v. Yaschik*, 249 S. C. 577, 155 S. E. (2d) 601 involved a suit seeking an accounting for hidden profits as well as an action for fraudulent breach of fiduciary duty to disclose. The defendant in that case was an officer and dominant figure of the corporation. He allegedly contracted with a third party

for the sale to him of all the company's capital stock. He then solicited and purchased the stock of the plaintiff at a lower price and sold the stock under the terms of the prior contract for a profit. Our Court held that the plaintiff had stated only one cause of action twice and required the plaintiff in that case to elect as to whether she would pursue a legal or equitable remedy.

We find the holding of Jacobson controlling. The respondents have alleged only one primary right, the right to not be subjected to a hidden profit from one owing them fiduciary duties, and only one primary duty of the appellant, the duty of a fiduciary to disclose and to deal in good faith. Because only one cause of action is alleged by which the respondents may seek either an equitable or a legal remedy, the respondents must make an election. See *Jacobson, supra.*

It is true, as pointed out by respondents, that this case varies from *Jacobson* since it involves an express misrepresentation whereas *Jacobson* involved a constructive misrepresentation because of a failure to disclose. We find this distinction of no significance. The substance of the action is the respondents have been victims of a misrepresentation by the appellant. As far as the ability to pursue separate causes of action, it matters not whether the misrepresentation was constructive or express. Suppression of a material fact which one is duty bound to disclose is equivalent to a false misrepresentation. See 37 C. J. S. Fraud, Section 16, p. 244.

Reversed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.