PRECISION POWER CO., INC., Respondent, v. William A. ADAMS and
    Lincoln Income Life Insurance Company, Defendants, of whom William
    A. Adams is Appellant.

Appeal of William A. ADAMS

(325 S. E. (2d) 59)

Supreme Court

## ORDER

July 20, 1983.

Earlier this year, the Court was called upon to construe the requirements of two statutes, S. C. Code Ann. §§ 14-11-90 and 15-31-10 (Supp. 1982). In January, we held that a direct appeal to the Supreme Court from a final judgment entered by a Master in Equity could be had only where either (1) the referring Court issued an order allowing such a direct appeal or (2) the parties consented to such an appeal. *Glass v. Glass,* 278 S. C. 527, 299 S. E. (2d) 693 (1983).

In April, we ruled that the consent provided for in S. C. Code Ann. § 14-11-90 (Supp. 1982) must be made in writing at the time the order of reference is entered. *Long v. Ehni,* _____ S. E. (2d) _____ , Order filed April 19, 1983.

At present, there are a number of cases on direct appeal to this Court from Masters' final judgments where there are no written consents. To avoid confusion about the status of these appeals, we hold today that these two orders are to be applied prospectively only, from April 19, 1983, the date *Long v. Ehni* was filed. Any appeal from a Master's final judgment, filed with this Court prior to April 19, 1983, will not be dismissed for lack of written consent unless that issue was raised in the pleadings filed prior to that date.

In the present case, Notice of Intent to Appeal was filed in October, 1982. The failure of written consent as required by *Long v. Ehni* was not raised until Respondent moved to dismiss on May 13, 1983. For the foregoing reasons, we deny this motion.