0257

I. B. LUCK, Appellant, v. PENCAR, LTD., and Le Huguenot, Ltd.,
Respondents.

(320 S. E. (2d) 711)

Court of Appeals

*J. Dwight Hudson*, Conway, *for appellant.*

*J. Jackson Thomas, Stevens, Stevens, Thomas, Hearn &
Hearn*, Myrtle Beach, *for respondents.*

Heard May 30, 1984.

Decided Sept. 11, 1984.

GOOLSBY, Judge:

I. B. Luck appeals a final judgment entered by a special referee that denies Luck the right to foreclose a mortgage given by Le Huguenot, Ltd., and assumed by Pencar, Ltd. Because this court lacks jurisdiction of the subject matter, we dismiss Luck's appeal.

Luck served his complaint upon Pencar and Le Huguenot on April 27, 1981, and May 5, 1981, respectively. Thereafter, the parties agreed to refer the matter to a special referee. They also stipulated that the special referee could enter a final judgment in the cause and agreed that the special referee's judgment would be directly appealable to the Supreme Court of South Carolina. Following the appeal of the special referee's order to the Supreme Court, the latter transferred the case to the Court of Appeals pursuant to Section 14-8-260 of the South Carolina Code of Laws (Cum. Supp. 1983).

We raise *ex mero motu* the issue concerning the jurisdiction of the Court of Appeals, and, inferentially, of the Supreme Court, to entertain an appeal from a final judgment of a special referee. *See Berry v. Zahler*, 220 S. C. 86, 66 S. E. (2d) 459 (1951).

Before reaching that question, however, we note that the record neither reflects the issuance of any order appointing the special referee nor manifests the legal authority pursuant to which he acted. *Cf.* S. C. Code of Laws § 15-31-40 (Cum. Supp. 1983) (requires a reference to be made to a master in all counties); *Id.* § 15-31-150 (Cum. Supp. 1983) (permits a circuit judge to appoint a special referee); *Id.* § 14-11-60 (Cum. Supp. 1983) (permits a circuit judge to appoint a special referee in case of a vacancy in the office of master or disqualification or disability of the master); Op. Att'y Gen., May 9, 1984 (special referees may be appointed on a case by case basis notwithstanding Section 15-31-40). We assume for the purpose of our decision, however, that the special referee was regularly appointed.

Section 14-11-90 of the Code (Cum. Supp. 1983) provides in part as follows:

Appeals from final judgments entered by a *master* ...
shall be to the circuit court unless otherwise directed by
order of the circuit court or by the consent of the parties.
[Emphasis added.]

Here, the appeal is not from a final judgment entered by a
master [*see John D. Hollingsworth on Wheels, Inc. v. Arkon
Corp.*, 279 S. C. 183, 305 S. E. (2d) 71 (1983)]; rather, as we have
noted, it is an appeal from a final judgment entered by a
special referee.

Although statutes that affect the right of appeal are
usually construed liberally to extend the right, none-
theless, the ordinary rules of statutory construction
apply. 4 Am. Jur. (2d) *Appeal and Error* § 7 at 538 (1962). One
such rule is that where the language of a statute is clear and
unambiguous it must be held to mean what it plainly says.
*Jones v. South Carolina State Highway Dept.*, 247 S. C. 132, 146
S. E. (2d) 166 (1966).

The statute in question clearly and unambiguously permits
a direct appeal by the consent of the parties to the Supreme
Court, and, by implication, to the Court of Appeals, only when
a master enters a final judgment. No language confers upon a
party the right by consent of the parties to bypass the circuit
court and to appeal directly to either the Supreme Court or
the Court of Appeals a final judgment entered by a special
referee.

While it is true that a special referee appointed by a circuit
judge pursuant to Section 14-11-60 of the Code shall "be
clothed with all the powers of a master" and that a special
referee appointed by a circuit judge pursuant to Section
15-31-150 "shall have the same authority" as a master, a right
to appeal is not a power given to a master but is a right
conferred upon a party. *See* 4 C.J.S. *Appeal & Error* § 167 at
539 (1957).

We therefore hold that an appeal cannot be taken to
either the Supreme Court or the Court of Appeals from
any final judgment entered by a special referee. Where
an issue has been referred to a special referee, an appeal from
any final judgment issued by the special referee must be to the
circuit court that appoints him or her. *Cf. Glass v. Glass*, 278
S. C. 527, 299 S. E. (2d) 693 (1983) (an appeal from the final
judgment of a master must be filed in the circuit court absent

an order of the circuit court or consent of the parties providing differently). The fact that Luck has no present right of appeal to either the Supreme Court or this court, however, does not mean that he is otherwise precluded from seeking review of the special referee's final judgment.

Appeal dismissed.

SANDERS, C. J., and GARDNER, J., concur.