0297

C. P. BOARDMAN, Jr., et al., Respondents-Appellants, v. LOVETT ENTER-
PRISES, INC., et al., Defendants, of whom Lovett Enterprises, Inc., and
James C. Lovett are Appellants-Respondents, and Woodland Apart-
ments, Limited, is a Defendant.

(323 S. E. (2d) 784)

Court of Appeals

*Robert W. Dibble, Jr., Robert E. Stepp* and *E. Russell Jeter* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P. A.,* Columbia, *for appellants-respondents.*

*Paul H. Dunbar, III,* and *Richard E. Miley,* of *Nixon, Yow, Waller & Capers,* Augusta, Ga., *for respondents-appellants.*

Heard Sept. 19, 1984.

Decided Oct. 23, 1984.

GOOLSBY, Judge:

C. P. Boardman, Jr., and eight other plaintiffs appeal an order of the circuit judge requiring them to elect between causes of action alleged in their amended complaint against the defendants Lovett Enterprises, Inc., James C. Lovett, and Woodland Apartments, Limited. The plaintiffs also appeal from a final judgment entered in their favor by a special referee appointed by the circuit judge with the consent of the parties. Lovett Enterprises and Lovett appeal from the special referee's final judgment as well. We affirm the circuit judge's order but dismiss the appeals from the special referee's final judgment.

The plaintiffs' amended complaint alleges several causes of action. In one action, the plaintiffs seek the recovery of actual and punitive damages on the basis of fraud alleging that they were induced by the fraudulent representations and omissions of Lovett Enterprises and Lovett, detailed in the amended complaint, to enter into a limited partnership known as Woodland Apartments, Limited, and to make financial contributions to the partnership. The alleged fraudulent representations and omissions were respectively contained in and omitted from a pro forma financial statement allegedly given them by Lovett Enterprises and Lovett. Among other things, the *pro forma* financial statement outlined the method by which management fees were to be determined.

In another action, which is jumbled with their action for fraud, the plaintiffs seek the recovery of actual and punitive damages on the basis of waste alleging that Lovett Enterprises and Lovett breached fiduciary duties owed them as

limited partners in that Lovett Enterprises received excessive and unauthorized management fees.

In still other causes of action based upon the alleged fraudulent representations and omissions of Lovett Enterprises and Lovett, the plaintiffs ask the court to dissolve the limited partnership, to appoint a receiver to take charge of all partnership assets, to impress the partnership property with a trust, and to require the defendants to make a full accounting of the partnership's affairs.

Upon the motion of Lovett Enterprises and Lovett, the circuit judge required the plaintiffs to elect between their causes of action. According to the Statement of the Case, the plaintiffs chose to pursue only their causes of action for dissolution and for an accounting.

The order requiring the plaintiffs to elect between their causes of action also referred the case to a special referee pursuant to Section 15-31-150 of the South Carolina Code of Laws (1976) (Cum. Supp. 1983). The parties stipulated that the special referee could enter a final judgment in the cause.

Following a hearing, the special referee issued a final judgment and, among other things, found the partnership entitled to a net reimbursement from Lovett.

After the parties appealed to the Supreme Court, the latter transferred the case to the Court of Appeals pursuant to Section 14-8-260 of the South Carolina Code of Laws (1976) (Cum. Supp. 1983).

## I.

We turn first to the plaintiffs' appeal from the order of the circuit judge requiring them to elect between their causes of action. *See Landvest Associates v. Owens*, 276 S. C. 22, 274 S. E. (2d) 433 (1981); *Gantt v. Universal C.I.T. Credit Corp.*, 254 S. C. 112, 173 S. E. (2d) 658 (1970). As we view the matter, the issue concerns "election of remedies" and not "election between causes of action."

"Election of remedies involves a choice between different forms of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action." *Tzouvelekas v. Tzouvelekas*, 206 S. C. 90, 94, 33 S. E. (2d) 73, 74 (1945); *Robert Harmon and Bore, Inc. v. Jenkins*, 318 S. E. (2d) 371 (S. C. App. 1984). Stated another

way, "[e]lection of remedies is the act of choosing between different remedies allowed by law *on the same state of facts.*" [Emphasis theirs.] *Barfield v. J. L. Coker & Co.,* 73 S. C. 181, 189, 53 S. E. 170, 173 (1906).

In this instance, the pleadings reveal that the plaintiffs ▮ in each of their causes of action rely on a *pro forma* financial statement given them by Lovett Enterprises and Lovett. Each of the causes of action, including the one that alleges breach of fiduciary duties, depends upon the alleged fraudulent representations or omissions contained in the pro forma financial statement. Thus, the plaintiffs have asserted only one primary wrong and are entitled to only one recovery. Because only one primary wrong forms the alleged basis for the legal and equitable remedies sought by the plaintiffs, the circuit judge correctly required the plaintiffs to elect between them. *Landvest Associates v. Owens, supra; Jacobson v. Yaschik,* 249 S. C. 577, 155 S. E. (2d) 601 (1967).

Accordingly, we affirm the order of the circuit judge.

## II.

Regarding the parties' appeal from the final judgment entered by the special referee, as in *Luck v. Pencar, Ltd.,* 320 S. E. (2d) 711 (S. C. App. 1984) we raise *ex mero motu* the issue of this court's jurisdiction to entertain a direct appeal from a special referee's final judgment.[1]

We held in *Luck* that Section 14-11-90 of the South Carolina Code of Laws (1976) (Cum. Supp. 1983) which permits a party to appeal from a final judgment of a master directly to the Supreme Court or, by implication, tò the Court of Appeals, does not authorize an appeal to the Supreme Court or to this court from a final judgment entered by a special referee. In so holding, we observed that "[w]hile it is true that a special referee appointed by a circuit judge pursuant to Section 14-11-60 . . . shall 'be clothed with all the powers of a master' and that a special referee appointed by a cirⁿuit judge pur-

---

[1] Although the parties here denominate the special referee a "special master," the order of reference designates the hearing officer a "referee." The latter classification is the correct one in view of the current statutory scheme that refers to those officers specially appointed by the circuit court to perform the duties of masters as "special referees." *See,* S. C. Code of Laws § 14-11-60 (1976) (Cum. Supp. 1983); *Id.* § 15-31-150 (Cum. Supp. 1983).

suant to Section 15-31-150 'shall have the same authority' as a master, a right of appeal is not a power given to a master but is a right conferred upon a party." *Luck v. Pencar, supra,* at 712.

We also held in *Luck* that any appeal from the final judgment of a special referee must first be made to the circuit court that appoints him or her. This holding is consistent with the express requirement of Section 15-31-150 that a special referee remain "accountable to the appointing court."

In electing to follow *Luck,* we note that before 1979, the State's system of masters was one marked by a lack of uniformity among the counties. In fact, the office of master did not exist in some counties. *See* S. C. Code of Laws § 15-1801 (1962) (Cum. Supp. 1976). Where the office of master did not exist in a county, a reference was to be made to the probate judge in some counties or to a special referee or county judge in others. *See, Id.* § 10-1405 (Cum. Supp. 1976). When the enactment in 1979 of Act No. 164, the General Assembly established the office of master-in-equity in all South Carolina counties as prescibed for the office a uniform system of powers and duties. *See* 1979 S. C. Acts at 313, 324-30.

But Act No. 164 of 1979, also permits the appointment of special referees on a case-by-case basis. Op. Atty. Gen., May 9, 1984; *see, Luck v. Pencar, Ltd., supra;* S. C. Code of Laws § 14-11-60 (1976) (Cum. Supp. 1983); *Id.* § 15-31-150 (Cum. Supp. 1983).

■ Unlike masters, however, special referees are not regular judicial officers. The General Assembly's differing treatment of appeals of final judgments from masters and special referees results from a recognition of this fact and manifests the legislature's desire that an appeal from a final judgment in a referred case first be screened by a regular judicial officer before the Supreme Court or the Court of Appeals entertains the appeal.

■ We therefore lack jurisidiction to hear a direct appeal from the final judgment of the special referee in this case.

Affirmed in part and dismissed in part.

SHAW and CURETON, JJ., concur.