0472

ST. FRANCIS XAVIER HOSPITAL, Appellant, v. RUSCON/ABCO; Middleton, McMillan, Architects, Inc.; and Frank B. Hicks Associates, Inc., Respondents.

(330 S. E. (2d) 548)

Court of Appeals

*Charles H. Gibbs* and *Marvin D. Infinger,* of *Sinkler, Gibbs & Simmons,* Charleston, *for appellant.*

*Glower W. Jones,* of *Smith, Currie & Hancock,* Atlanta, Ga.; and *Henry B. Smythe,* of *Buist, Moore, Smythe & McGee; Joseph W. Cabaniss,* of *Grimball, Cabaniss, Vaughan & Robinson;* and *William C. Helms, III,* of *Barnwell, Whaley, Stevenson & Patterson,* Charleston, *for respondents.*

Heard Feb. 25, 1985.

Decided May 17, 1985.

GOOLSBY, Judge:

St. Francis Xavier Hospital appeals from an order denying consolidation of three pending arbitrations involving the respondents Ruscon/Abco, Middleton, McMillan, Architects, Inc., and Frank B. Hicks Associates, Inc. We dismiss the appeal for lack of an immediately appealable order.

St. Francis owns and operates a medical center at the corner of Calhoun Street and Rutledge Avenue in Charleston, South Carolina. On November 14, 1978, St. Francis contracted with Ruscon for the construction of additions to its medical center.

Prior to entering into the contract with Ruscon, St. Francis contracted with Middleton on July 3, 1978, to design the additions and provide architectural services. Middleton had earlier contracted with Hicks on November 2, 1977, to perform the engineering services involved in the project.

In October, 1981, Ruscon made a claim against St. Francis based on additional rework it performed due to the architect's alleged "untimely change in the precast panel design" and "extra work involved in finishing the walls on the seventh and eighth floors that did not meet [Middleton's] approval."

Ruscon instituted arbitration proceedings against St. Francis on March 12, 1982, for the amount it claimed St. Francis owed for the extra work.

About two weeks later, on March 23, 1982, St. Francis

instituted arbitration proceedings against Middleton alleging that any amount proved to be owed Ruscon should be paid by Middleton and not by St. Francis.

On June 24, 1982, Middleton instituted arbitration proceedings against Hicks alleging that any amount found to be owed by Middleton due to the change in the precast panel design should be paid by Hicks.

St. Francis applied to the circuit court for consolidation of the three pending arbitration proceedings. Both Ruscon and Hicks opposed the application. Middleton did not.

The circuit court denied St. Francis' application for consolidation and this appeal followed.

Neither Ruscon nor Hicks raises any question concerning the appealability of an order denying an application to consolidate pending arbitration proceedings. We, however, raise the issue *ex mero motu. See Boardman v. Lovett Enterprises, Inc.*, __ S. C. __ , 323 S. E. (2d) 784 (Ct. App. 1984); *Luck v. Pencar, Ltd.*, 282 S. C. 643, 320 S. E. (2d) 711 (Ct. App. 1984).

Arbitration in this state is governed by the South Carolina Uniform Arbitration Act. *See* South Carolina Code of Laws Sections 15-48-10 *et seq.* (1976) (Cum. Supp. 1984). The provision relating to appeals in arbitration proceedings reads:

(a) An appeal may be taken from:

(1) An order denying an application to compel arbitration made under Section 15-48-20;

(2) An order granting an application to stay arbitration made under Section 15-48-20(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of this chapter.

(b) The appeal shall be taken in the manner and to the same extent as from orders of judgments in a civil action.

*Id.* Section 15-48-200. As can be seen, Section 15-48-200 does not expressly allow an appeal from an order denying an application to consolidate pending arbitration proceedings.

Moreover, an order denying an application to consolidate pending arbitration proceedings does not fall within any exception to the final judgment rule. The order denying consolidation neither involves "the merits in [an] action [ ] commenced in the court of common pleas [or] general sessions" [S. C. Code of Laws Section 14-3-330 (1) (1976) ], affects "a substantial right made in an action" in that it either "determines the action and prevents a judgment from which an appeal might be taken or discontinues the action" [*Id.* Section 14-3-330 (2) (a) ], affects "a substantial right made in any special proceeding" [*Id.* Section 14-3-330 (3) ], nor grants, continues, modifies, or refuses an injunction." *Id.* Section 14-3-330 (4).

We therefore hold that an order denying consolidation of pending arbitration proceedings is not immediately appealable.

Our conclusion finds support elsewhere. In *Marshwood Associates v. Krumbhaar & Holt, Associated Architects, P.A.*, 451 A. (2d) 305 (Me. 1982), the Supreme Judicial Court of Maine dismissed an appeal by an owner from an order denying an owner's motion to consolidate pending arbitration proceedings involving its architect and contractor.

Although our Supreme Court has entertained an appeal from an order granting an application to consolidate pending arbitration proceedings [*Episcopal Housing Corp. v. Federal Insurance Co.*, 273 S. C. 181, 255 S. E. (2d) 451 (1979) ], and from an order denying a motion to consolidate two tort actions [*McKinney v. Greenville Ice & Fuel Co.*, 232 S. C. 257, 101 S. E. (2d) 659 (1958) ], we do not believe these decisions control the appealability of an order denying an application to consolidate pending arbitration proceedings.

Dismissed.

BELL and CURETON, JJ., concur.