22412

C. P. BOARDMAN, Jr., John Dickey Boardman, Jr., as Executor under the Will of John D. Boardman, James L. Lester, W. Rodger Giles, Newton G. Quantz, Jr., William L. Camp, Edward C. Austell, Hunter W. May and C. H. Magruder, Respondents-Petitioners, v. LOVETT ENTER-PRISES, INC., a Georgia Corporation, Woodland Apartments, Limited, a Limited Partnership, James C. Lovett, individually and as a Limited Partner of Woodland Apartments, Limited, Defendants, of whom Lovett Enterprises, Inc., and James C. Lovett are, Petitioners-Respondents.

(338 S. E. (2d) 323)

Supreme Court

*Robert W. Dibble, Jr., Robert E. Stepp* and *Russell Jeter* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for petitioners-respondents.*

*Paul H. Dunbar, III* and *Richard E. Miley* of *Nixon, Yow, Waller & Capers,* Augusta, Ga., *for respondents-petitioners.*

Dec. 3, 1985.

NESS, Chief Justice:

We granted certiorari to review the decision of the Court of Appeals reported at 283 S. C. 425, 323 S. E. (2d) 784 (S. C. App. 1984). We reverse.

This action arose out of a dispute concerning finances between the partners in a limited partnership. Pursuant to an agreement between the parties, the judge referred the case to a special referee and ordered that any appeal would be to this Court. After judgment by the special referee, parties on both sides appealed. The case was assigned to the Court of Appeals for decision. See, S. C. Code Ann. Section 14-8-260 (Supp. 1984).

The Court of Appeals reached the issue raised by plaintiffs[1] and affirmed. However, it concluded it had no jurisdiction over the issues raised by defendants, and dismissed their appeal. This was error.

In *Luck v. Pencar*, 282 S. C. 643, 320 S. E. (2d) 711 (S. C. App. 1984), the Court of Appeals held S. C. Code Section 14-11-90 (Supp. 1984) authorizes direct appeals from masters, but not from special referees. Certiorari was not sought by any party in that case.

The power and authority of masters and special referees are set forth in S. C. Code Ann. Sections 14-11-10 to 310 (Supp. 1984) and Sections 15-31-10 to 150 (Supp. 1984) [repealed by Act No. 100 of 1985]. Section 15-31-10 provides that upon stipulation of the parties, "the master may enter a final judgment in the cause." We have held the order referring the case must provide for direct appeal to this Court before Section 15-31-10 becomes operative. *Glass v. Glass*, 278 S. C. 527, 299 S. E. (2d) 693 (1983). We later held consent to direct appeal must be in writing, and that the *Glass* decision would be applied prospectively only. *Long v. Ehni*, 283 S. C. 554, 325 S. E. (2d) 319 (1983); *Precision Power Company, Inc. v. Adams*, 283 S. C. 553, 325 S. E. (2d) 59 (1983). None of these decisions distinguished between appeals from masters or from special referees. The Court of Appeals held in *Luck* that since the statute allows a direct appeal from a master without mentioning special referees, there must be a distinction. We disagree.

Section 14-11-60 provides a special referee "shall ... be clothed with all the powers of a master." Both chapters of the Code dealing with masters and special referees use the

---

[1] For simplicity, we have referred to the parties in their original capacities at the trial level.

terms interchangeably, making no distinction between them. This Court has also used the terms interchangeably. *See, McClary v. Witherspoon*, 251 S. C. 523, 164 S. E. (2d) 220 (1968); *Goolsby v. Goolsby*, 229 S. C. 101, 92 S. E. (2d) 57 (1956). The new rules of civil procedure specifically provide "the word 'master' includes a special referee." Rule 53(a), S.C.R.C.P.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for consideration of the exceptions raised and briefed by the defendants in their appeal. The effect of this opinion is to overrule the decision of the Court of Appeals in *Luck v. Pencar, supra.*

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.