0683

C. P. BOARDMAN, Jr., et al., Respondents-Appellants v. LOVETT ENTER-PRISES, INC., et al., Defendants, of whom Lovett Enterprises, Inc. and James C. Lovett are Appellants-Respondents, and Woodland Apartments, Limited, is a Defendant.

(342 S. E. (2d) 634)

Court of Appeals

Robert W. Dibble, Jr., Robert E. Stepp and E. Russell Jeter, of McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A., Columbia, for appellants-respondents.

Paul H. Dunbar, III, and Richard E. Miley, of Nixon, Yow, Waller & Capers, Augusta, Ga., for respondents-appellants.

Reheard Feb. 24, 1986.

Decided April 14, 1986.

SHAW, Judge:

C. P. Boardman, Jr. and eight other limited partners in a limited partnership known as Woodland Apartments, Ltd. sued the sole general partner, Lovett Enterprises, Inc., and the remaining limited partner, James C. Lovett, president and majority shareholder of Lovett Enterprises, Inc. The limited partners allege in their complaint fraud, waste, and breach of fiduciary duties. They seek dissolution of the partnership, an accounting, and damages. Lovett moved to require the limited partners to elect either legal or equitable relief. The motion was granted and the limited partners elected the equitable remedies of an accounting and dissolution. The case was referred to a master who declined to dissolve the partnership. However, he ordered Lovett to reimburse the partnership $22,585.67. The master granted Lovett his claim for an account payable to him from the partnership of $10,000 for repayment of a loan and $3,400.00 for expenses. All parties appeal. We affirm in part and reverse in part.

Woodland Apartments, Ltd. is a low-income government subsidized apartment project in Edgefield, South Carolina. Lovett Enterprises, Inc., through James C. Lovett, exercises exclusive control over the management of the partnership, including handling its funds and property.

## I.
## LOVETT'S APPEAL

Lovett assigns three errors to the master: (1) the master erred in ruling Lovett had received $6,416.84 in excess management fees, (2) the master erred in finding Lovett was not entitled to $22,585.67 in "extra profits" he retained from excess construction funds, and (3) the master erred in denying Lovett's motion for a nonsuit.

### (1)

The project was originally scheduled to be completed on June 1, 1979. Due to delays, authorization to rent units was not received until November 16, 1979. The limited partners contend Lovett is not entitled to the 6% management fee, agreed to by the parties, during this period. The master agreed and, finding Lovett had received the fee, ordered him to return the sum to the partnership. We disagree and reverse. We find the record shows Lovett conducted numerous activities on behalf of the partnership during this period. This, along with a side agreement among the parties, providing for management fees based on "total *authorized* gross rent," not collected rents, convinces this court Lovett should be compensated. Further, while the financial statement indicates the fee was accrued, there is no proof it was paid. Therefore, we hold the partnership owes Lovett $6,416.84 in management fees.

### (2)

On May 4, 1978, the Farmers Home Administration (FHA) notified Lovett an additional $60,000.00 down payment would be required due to projected increases in construction costs. However, $49,373.45 was eventually refunded to the partnership by the FHA. Lovett Enterprises retained $29,491.49 as gross profits it was allegedly entitled to. Lovett Enterprises bases its alleged entitlement to all excess construction funds over $20,000.00 on the following agreement:

> Pursuant to a letter dated May 4, 1978, requires an additional $60,000.00 as down payment at the closing of said project appears to be excessive in an amount by $20,000.00, that in the event this $20,000.00 or a portion thereof is in excess to the amount of $937,337.00, the

amount required by the project, then the general partner, LOVETT ENTERPRISES, INC. will make a distribution to all partners on a pro rata basis.

We agree with the master's finding that, under this agreement, $22,585.67 of the money retained by Lovett was unauthorized.

### (3)

Lovett bases its claim for a non-suit on the fact only three limited partners testified and thus there is no evidence supporting the causes of actions on behalf of the other partners. An action for an accounting may be brought by only one limited partner. See S. C. Code Ann. §§ 33-41-550, 33-43-110 (1976). We find no merit in Lovett's argument.

## II.
## LIMITED PARTNERS' APPEAL

The limited partners also assign three errors to the master and one to the circuit court: (1) the circuit court erred in requiring the limited partners to elect between equitable and legal relief, (2) the master erred in not dissolving the partnership, (3) the master erred in allowing Lovett predevelopmental expenses, and (4) the master erred in allowing Lovett to pay an apartment manager out of the partnership's general funds.

### (1)

This court is considering the case for the second time. In our original opinion we held the circuit judge properly required the limited partners to elect between equitable and legal relief. *Boardman v. Lovett Enterprises, Inc.*, 283 S. C. 425, 323 S. E. (2d) 784 (Ct. App. 1984). This court's opinion was overruled by the Supreme Court on other grounds. *Boardman*, 287 S. C. 303, 338 S. E. (2d) 323 (1985). Our decision regarding election of remedies was not part of the petition for certiorari. Thus we find this issue has been fully adjudicated and refuse to consider it here.

### (2)

The limited partners contend the master committed error in refusing to dissolve the partnership based on Lovett's overall performance as the general partner in the development and management of the project. They claim his acts are sufficient to dissolve the partnership. We disagree. Dissolution is discretionary with the trial court and depends on the particular facts of a case. *Klatt v. Walling*, 239 S. C. 17, 121 S. E. (2d) 233 (1961). The master enjoys a superior perspective of the evidence by being present at the trial to evaluate the credibility and demeanor of witnesses. After reviewing the entire record we hold the master did not abuse his discretion in refusing to dissolve the partnership.

### (3) and (4)

Finally, the limited partners allege the master erred in allowing Lovett $6,905.82 for pre-developmental expenses and in allowing Lovett to pay an apartment manager out of the partnership's general funds. The crux of the limited partners' complaint is these expenses were not disclosed to them in an itemized fashion on the "proforma." Lovett claims these expenses are covered under general categories under which nothing is itemized. The master found the "proforma" lacked specificity as to expenses, but that the amounts claimed by Lovett are reasonable considering the services obtained for the partnership. We agree and affirm.

Affirmed in part, reversed in part.

CURETON and GOOLSBY, JJ., concur.