1754

Cynthia Ann LESESNE, Appellant v. David A. LESESNE, Respondent.
(413 S.E. (2d) 847)

Court of Appeals

*Daryl J. Corbin*, Florence, *for appellant*.

*R. Wayne Byrd* of *Turner, Padget, Graham & Laney; J. Munford Scott* and *Mary L. Wells*, both of *Scott & Associates*, Florence, *for respondent*.

Heard Nov. 11, 1991; Decided Dec. 10, 1991.

Opinion Jan 13, 1992.

SHAW, Judge:

Appellant Cynthia Ann Lesesne instituted this action against Respondent David A. Lesesne, her uncle, for breach of fiduciary duty and fraud arising out of a stock purchase of Southeast Vending, Inc., a family owned South Carolina corporation. Following the close of Ms. Lesesne's case, the trial judge directed a verdict in favor of Mr. Lesesne. We reverse and remand for a new trial.

In 1983, Ms. Lesesne received the stock from her grandmother's estate. In 1986, Mr. Lesesne contacted Ms. Lesesne and told her he wished to talk about the business. They met at the corporate office and Mr. Lesesne made several representations to her about the corporation. He told her he owned 97% of the stock and that she owned only 3%. He told her the 3% was not worth anything and would never pay a dividend; that he had controlling power and she would never have any say-so in the operation of the corporation.

With a prepared check he offered to buy her stock for $14,614.80 and told her the amount he was offering to her was what his lawyer and the IRS told him it was worth. Also, he told her if she did not accept his offer on that day she would never get anything out of the corporation.

He failed to reveal any details of the corporation to her. He failed to tell her the corporation had $400,000 in a bank.

He presented her with a stock certificate and instructed her to sign it. She signed the certificate and he gave her the check.

In the evening following the transaction she discussed the matter with her father. He advised her to call Mr. Lesesne and tell him she made a mistake. Mr. Lesesne responded by telling her he couldn't do anything about it and that he now owned 100% of the stock.

Ms. Lesesne was 22 years old at the time of the transaction and was a college student. She ultimately graduated with a degree in business administration but made submarginal grades. She has no experience in business matters and has never examined the operation of the corporation. She stated she trusted her uncle prior to the stock transaction.

We hold that Mr. Lesesne took advantage of his inside corporate position and his familial relationship with Ms. Lesesne

in gaining personal benefits at the expense of her. It is a well-settled equitable rule that anyone acting in a fiduciary relationship shall not be permitted to make use of that relationship to benefit his own personal interests. It is a doctrine repeatedly announced by the courts of this nation that courts of equity will scrutinize with the most zealous vigilance transactions between parties occupying confidential relations toward each other and particularly any transaction between the parties by which the dominant party secures any profit or advantage at the expense of the person under his influence. *Island Car Wash, Inc. v. Norris and Rhodes*, 292 S.C. 595, 358 S.E. (2d) 150 (1987) 36A C.J.S. Fiduciary at 388 (1983). Also see *Jacobson v. Yaschik*, 249 S.C. 577, 155 S.E. (2d) 601, (1967) (the officers and directors of a corporation stand in a fiduciary relationship to the individual stockholders and in every instance must make a full disclosure of all relevant facts when purchasing shares of stock from a stockholder). See also *Manning v. Dial*, 271 S.C. 79, 245 S.E. (2d) 120 (1978) (the managing officer of a corporation owes shareholders a fiduciary duty to make a full disclosure of all relevant facts when purchasing their shares).

In view of our disposition of this matter, we do not address the other issues involved.

Reversed and remanded.

BELL and CURETON, JJ., concur.