11070

FRIEDMAN v. FLUDAS

(115 S. E., 200)

1. APPEAL AND ERROR—WHERE TESTIMONY SUSCEPTIBLE OF MORE THAN ONE INTERPRETATION NOT ERROR TO SUBMIT ISSUE TO JURY.—Where testimony on an issue is susceptible of more than one interpretation, it is not error to submit issue to the jury.

2. TRIAL—DESIRED INSTRUCTIONS MUST BE REQUESTED.—Counsel should
   present additional charges desired or error cannot be pronounced
   on the Court's failure to give them.

Before TOWNSEND, J., Charleston, October, 1921. Affirmed.

Action by I. M. Friedman against John C. Fludas and others, partners, as Charleston Ice Cream & Candy Co. Judgment for plaintiff and defendants appeal.

*Messrs. McMillan & Heyward,* for appellants, cite: *Proximate cause:* Cooley, Torts, 76; 31 S. E., 914; 44 N. J. L., 247; 62 N. W., 887. *Intervening act of third person:* 65 Ga., 370; 66 Ga., 746; 35 N. J. L., 17; 43 L. R. A., 216; 178 N. Y., 118; 41 L. R. A., 794; 191 S. C., 59; 81 S. E., 579; 53 S. E., 799; 124 Fed., 115; 10 N. C., 430; 109 S. C., 119.

*Messrs. Shimel & Rittenberg,* for respondent, cite: *Original negligent act was proximate cause:* 22 R. C. L., 145; 2 W. Black, 892; 1 Stark, 493; 4 Denio, 464; 24 A. L. R., 504; 16 Am. Rep., 267; 19 L. Ed. (U. S.), 65; 16 A. L. R., 248; 36 N. Y., 39; 5 L. R. A. (N. S.), 373; 24 L. Ed., 256; 46 S. E., 366; 168 Pac., 131; 36 A. L. R., 847; 1 Strob., 525; 76 S. C., 202; 76 S. C., 207; 77 S. C., 286; 78 S. C., 384; 81 S. C., 333; 91 S. C., 147; 101 S. C., 59; 106 S. C., 255. *Negligence was for the jury:* 22 R. C. L., 148; 24 L. Ed., 256; 76 S. C., 202; 78 S. C., 384. *Where no request to charge was made no error can be claimed from failure to charge:* 84 S. C., 574; 91 S. C., 201. *No motion for nonsuit or directed verdict made, and exception will not be considered:* 96 S. C., 346.

December 20, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"The above-entitled cause was commenced in the Court of Common Pleas by service of a Summons and Complaint

in above in August, 1920, being for personal injuries sustained by plaintiff. The complaint alleged that on or about the 15th day of July, 1920, the defendants, their agents and servants, so negligently, carelessly, recklessly, and wantonly operated an automobile truck belonging to them, at the intersection of King and Mary Streets, in the City of Charleston, as to endanger and imperil an automobile truck belonging to the Quartermaster Department of the United States Marine Corps, and the life and limbs of said automobile driver, which said automobile truck belonging to the Quartermaster Corps was lawfully being operated at or near the intersection of said public streets, and that while the driver of said Quartermaster Department's truck was attempting to save his life and the automobile truck he was driving, and was turning his automobile truck out of the path of the automobile truck belonging to defendants, plaintiff, who was lawfully traveling on King Street at the intersection of King and Morris Streets, which Morris Street is almost opposite Mary Street, was suddenly knocked down and injured by the Quartermaster Department's truck, and as a result thereof plaintiff received a severe contusion of the lower right chest, and two of his ribs were fractured, and he had to undergo medical and surgical treatment, and was confined to the hospital, and suffered extreme pain and agony, and was prevented from attending to his usual duties and occupation. The complaint then alleged that these injuries were due to the carelessness of defendant in allowing their automobile to be driven by a young boy who did not know how to drive an automobile and had no license for doing so; in turning said automobile on Mary Street into King Street at a dangerous and excessive rate of speed and at a rate of speed greater than permitted by the traffic ordinances of the City of Charleston; in failing to stop at the corner of Mary and King Streets in order to enable the Quartermaster Department car, which had the right of way,

under said city ordinance, to proceed safely on King Street; in failing to blow horn or give notice of approach, in violation of said ordinances; in passing to the left of the center of King and Mary Streets; in failing to have the truck equipped with sufficient brakes so as to be able to stop it and to permit the automobile of the Quartermaster Department to proceed safely.

"To this complaint the defendants duly served an answer, setting up a general denial that the injuries to plaintiff, if any, were due to his own contributing negligence in walking out into the middle of the street, without taking proper heed of his surroundings, or the traffic thereon, or looking where he was going, and, further, that plaintiff was struck and received his injuries, if any, not from the automobile truck of defendants, their agents or servants, but from the automobile truck belonging to the Quartermaster Department of the United States Marine Corps, and under the control of an officer, agent, or servant of said department.

"This case was tried at the October term of the Court of Common Pleas for Charleston County, before Hon. W. H. Townsend, Judge, and a jury."

Then follows the testimony and the charge of his Honor, the presiding Judge.

The jury rendered a verdict in favor of the plaintiff for the sum of $768.00, and the defendant appealed on the following exceptions:

"(1) Because, it is respectfully submitted, his Honor, the presiding Judge, erred in holding that it was a question for the jury whether or not the driver of defendants' truck was negligent and whether or not his negligence was the direct or proximate cause of the injury to plaintiff; whereas, he should have held that the evidence plainly showed that there was an independent intervening cause, without which the accident would never have happened.

"(2) Because, it is respectfully submitted, his Honor, the presiding Judge, erred in holding that it was for the jury to determine whether or not there was an independent intervening cause between the negligence, if any, of the driver of the truck and the injury to plaintiff, where he should have directed a verdict for the defendant, for the reason that the uncontradicted evidence showed that there was, between the negligence of defendants, if any, and the injury to plaintiff, a responsible rational human agency, without whose intervention and negligence the accident would never have happened.

"(3) Because, it is respectfully submitted, his Honor erred in charging the jury that it was the duty of persons operating an automobile going east and west to come to a speed of six miles an hour and observe the traffic before crossing, and failing at the same time to also charge them that under the city ordinances of the City of Charleston it was the duty of vehicles going north and south also to reduce their speed to six miles an hour at all street intersections, as provided in said ordinances of the City of Charleston (Section 24).

"(4) Because, it is respectfully submitted, the evidence plainly shows by admission and testimony of plaintiff himself that he was guilty of contributory negligence in standing out in the middle of a crowded thoroughfare in a place and manner which he knew to be unnecessary and dangerous."

The testimony is susceptible of more than one inference as to the facts mentioned in the first, second, and fourth exceptions. Therefore, those exceptions are overruled.

Nor can the third exception be sustained, for the reason that, if counsel desired that his Honor, the presiding Judge, should charge the additional proposition a request should have been presented to that effect.

Affirmed.