19042

Geraldine B. GANTT, Respondent, v. UNIVERSAL C.I.T. CREDIT CORPORATION, Appellant

(173 S. E. (2d) 658)

*R. M. Hollings, Esq.,* of Charleston, *for Appellant,*

*Thomas D. Wise, Esq., of Way, Burkett & Wise,* of Charleston, *for Respondent,*

April 13, 1970.

LITTLEJOHN, Justice.

The plaintiff brings this suit, alleging three sparate causes of action: (1) for invasion of privacy; (2) for libel and slander; and (3) for conversion by defendant of plaintiff's personal property.

The defendant moved to require the plaintiff to elect between the cause of action for invasion of privacy, and the cause of action for libel and slander, on the ground that the two causes of action stated alternative remedies and are mutually exclusive, and that recovery on both cannot be had.

In addition, the defendant demurred to the first cause of action on the ground that "mere oral declarations cannot afford a basis for an action based on an invasion of the right of privacy," and "a private communication of circulation for a restricted purpose is not a publication which invades a protected right of privacy," and "the allegations of the first cause of action fail to state a cause of action on any ground."

Defendant also demurred to the whole complaint on the ground that the three causes of action are improperly united.

The lower court overruled the motion and the demurrers. Defendant has appealed. A brief summary of the nature of each cause of action will suffice for the purpose of our ruling.

## FIRST CAUSE OF ACTION
### (Invasion of Privacy)

The first cause of action alleges that plaintiff's husband purchased a Volkswagen in November 1966, and financed

it by agreeing to make thirty-six monthly payments. The contract was assigned by the mortgagee to the defendant. Plaintiff alleges that during the latter part of 1966 and during the whole of 1967 the defendant, through its agents, contacted the plaintiff at her place of employment by telephone calls and by personal visits, and at her home by personal visits and telephone calls, night and day on numerous occasions, requesting and demanding delinquent payments. That the plaintiff was employed at a local mortgage banking concern and her desk was situated in a room with other employees such that it was impossible to discuss the matter over the telephone without other persons hearing the discussions, and that although plaintiff requested on each occasion that defendant's agent not call her at work, or when calling, to allow her to get to another more private telephone, the agent of the defendant stated that the purpose of the call was to embarrass and humiliate her sufficiently that she would compel her husband to pay. Plaintiff further alleges that defendant's agent told individual co-employees that the plaintiff owed the defendant money and was delinquent in her account. Plaintiff says that she was distressed, embarrassed and humiliated and exposed to ridicule of her fellow employees to the extent that she quit her employment, and by reason of the defendant's acts experienced physical and mental anguish, necessitating psychiatric treatment and hospitalization.

### SECOND CAUSE OF ACTION
*(Libel and Slander)*

Plaintiff alleges that on or about the 10th day of December, 1967 the defendant dispossessed her husband of the Volkswagen and maliciously reported to the credit bureau of Charleston that the automobile had been repossessed against both her husband and her, for the reason that the sales contract had not been fulfilled; that she was not obligated to pay the debt and that the report was false and malicious. Plaintiff further alleges that as a result of the alleged malici-

ous report she has been denied a loan, and has been defamed and otherwise damaged.

## THIRD CAUSE OF ACTION
### *(Conversion)*

Plaintiff alleges that on or about December 10, 1967 the defendant repossessed the Volkswagen and refused to allow her husband to remove items of personalty owned by plaintiff of the value of $42.00, and though the plaintiff has demanded return of these items of personal property, defendant has refused, and on information still has plaintiff's personal property.

We first consider the demurrer to the first cause of action, alleging invasion of right of privacy. The defendant frames thirteen exceptions to the judge's ruling dismissing the demurrer, and reduces them to three questions in its brief. We think the questions to be treated by this court are only those raised by the demurrer and properly submitted to the lower court. Accordingly, we limit our consideration to the questions submitted to the judge.

There can be no doubt but that this court is now committed, along with a majority of the states, to the proposition that an action will lie for invasion of right of privacy. See *Holloman v. Life Insurance Company of Virginia*, 192 S. C. 454, 7 S. E. (2d) 169 (1940), and *Meetze v. Associated Press*, 230 S. C. 330, 95 S. E. (2d) 606 (1956). It is of no legal significance at this time, but it is of interest that a committee created by the General Assembly of South Carolina to study the constitution and make recommendations relative thereto, has recommended a new provision as follows: "The right of the people to be secure from unreasonable invasions of privacy shall not be violated."

By demurrer the defendant submitted to the lower court that the first cause of action should be dismissed because (1) "mere oral declarations cannot afford a basis for an action based on the invasion of the right of privacy", and because

(2) "a private communication of circulation for a restricted purpose is not a publication which invades a protected right of privacy," and because (3) "the allegations of the first cause of action fail to state a cause of action on any ground." Apparently the judge considered the last ground too vague for consideration (as do we). No mention is made of this ground in the judge's order and no exception is taken because of failure to treat it.

Do mere oral declarations afford a basis for the action based on invasion of right of privacy? The complaint alleges, among other things, that the defendant's agent went to the plaintiff's place of employment and to her home on numerous occasions, night and day, demanding money for a debt she did not owe. We are not at all sure that only "mere declarations" are alleged in the complaint, but even if it be so interpreted, there is a split of authority on this legal point, and we do not deem it appropirate to rule upon the issue on demurrer. See 19 A. L. R. 3rd 1318. The states which follow the view urged by the defendant, as well as the states which take the *contra* view, are enumerated there.

The language of Mr. Justice Bussey in the case of *Springfield v. Williams Plumbing Supply Company*, 249 S. C. 130, 153 S. E. (2d) 184 (1967), is equally applicable here:

"To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all of the circumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer."

From a reading of the complaint we cannot say from the pleadings alone that the communications of the defendant's agent were of a purely private nature for a restricted purpose permitted by a creditor in pursuit of collecting a debt. The complaint (which we deem true for the purpose of the demurrer) asserts that the debt was not

that of the plaintiff. Whether a creditor is entitled to pursue the wife of a debtor and if so, to what extent without invading her right of privacy, or her right to be left alone, is a question to be decided from the whole of the evidence, and we cannot say as a matter of law at this stage of the case that the defendant has not acted wrongfully in this regard.

We therefore hold that the lower court properly overruled the demurrer to the first cause of action.

The defendant would assign error to the lower court in refusing to make plaintiff elect between the first cause of action and the second. The order held that "the plaintiff states two distinct and-separate causes of action, one specifically alleging invasion of privacy and the other for libel and slander, * * *." We agree. If, in the trial of the case jury issues arise as to damages in both causes of action, the trial judge can by proper instruction see that the plaintiff is not paid twice for any one injury. The motion to elect was properly overruled.

Lastly, the defendant argues that the lower court erred in overruling the demurrer on the ground of a misjoinder of causes of action. Section 10-701 of the code allows several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, to be united in the same complaint, where they all arise out of "the same transaction or transactions connected with the same subject of action." The primary purpose of this section is to allow joinder of causes of action germane to each other and thereby avoid as far as possible a multiplicity of suits. This has always been important. In this day of congested dockets and long delays before trials it is even more important. This court has held that joinder should be permitted when the causes of action are reasonably connected by the coincidence of time, place and circumstances, where the causes of action are materially allied in substance in interrelated, and where the development of the actions

tell a connected story. The facts alleged in the complaint constitute a continuing episode of conduct on the part of the defendant. There is identity of parties, place, time and circumstances to warrant disposition of all issues in one trial. We are of the opinion that the lower court properly overruled the contention that there was a misjoinder of causes of action.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.