Thomas F. JORDAN, Appellant v. L. Frank DEESE and
Chemphar, Inc., Respondents.

(452 S.E. (2d) 838)

Supreme Court

---

John G. O'Day, of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor, P.A.,* West Columbia, *for appellant.*

*Catharine Garbee Griffin,* of *Baker, Barwick, Ravenel and Bender,* Columbia, *for respondents.*

Heard Dec. 9, 1994.

Decided Jan. 9, 1995; Reh. Den. Feb 8, 1995.

FINNEY, Justice:

Appellant contends the trial erred in granting respondents summary judgment in this malicious prosecution action. We affirm.

Appellant was charged with making harassing phone calls to respondent Deese in violation of S.C. Code Ann. § 16-17-430 (Supp. 1993). Appellant applied for and, with respondents' consent, was accepted into a Pre-Trial Intervention (PTI) Program.[1] Appellant was required to pay fees, perform community service, and attend meetings and counseling sessions as part of PTI. Appellant successfully completed the program, and the criminal charges were dismissed. He then brought this malicious prosecution action.

There are six elements which must be proven in a malicious prosecution action:

---

[1] See S.C. Code Ann. §§ 17-22-10 through -170 (1985 and Supp. 1993).

(1) institution or continuation of original judicial proceedings, either civil or criminal;

(2) by, or at the instance of, the defendants;

(3) termination of such proceedings in plaintiff's favor;

(4) malice in instituting the proceedings;

(5) lack of probable cause; and

(6) resulting injury or damage.

*Gaar v. North Myrtle Beach Realty Co.,* 287 S.C. 525, 339 S.E. (2d) 887 (Ct. App. 1986).

Respondents moved for summary judgment on the ground dismissal of criminal charges as the result of appellant's voluntary entry into the PTI Program was not, as a matter of law, a termination of the underlying action in his favor within the meaning of the third element. The trial judge granted the motion and this appeal follows.

■ We hold that dismissal of criminal charges as the result of the accused's voluntary entry into, and successful completion of, a PTI Program is not, as a matter of law, a termination of the action in his favor. *Cf., Jennings v. Clearwater Mfg. Co.,* 171 S.C. 498, 172 S.E. 870 (1934) (voluntary settlement of underlying criminal charge will not support malicious prosecution action). Accordingly, the circuit court's order is

Affirmed.

CHANDLER, C.J., TOAL and WALLER, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.