2321

Willie JONES, a minor over the age of Fourteen (14) Years, by Carrie ROBINSON, his Guardian ad Litem, Appellant v. WINN-DIXIE GREENVILLE, INC., Respondent.

(456 S.E. (2d) 429)

Court of Appeals

*G. D. Morgan, Jr.* and *Creighton B. Coleman* both of *Mc-Cutchen, Blanton, Rhodes & Johnson,* Columbia, *for appellant.*

*Elbert S. Dorn,* Columbia, *for respondent.*

Heard Feb. 8, 1995.

Decided Mar. 27, 1995; Reh. Den. May 4, 1995.

SHAW, Judge:

Willie Jones instituted this action against Winn-Dixie Greenville, Inc., alleging slander, outrage, false imprisonment, assault and battery.[1] A jury found for Jones and awarded him $25,000 actual and $50,000 punitive damages for assault and battery and $25,000 actual and $50,000 punitive for false imprisonment. The trial court, sua sponte, reformed the verdict to one award of $25,000 actual and $50,000 punitive damages at which point Winn-Dixie moved for Jones to elect his remedy. The trial court denied Jones' motion to reinstate the jury's verdict and Jones appeals. We reverse.

On April 1, 1992, Jones, 14 to 15 years old at the time, went with his mother to Winn-Dixie. Jones' mother stopped outside the store to speak with a friend while Jones entered alone. Once inside the store, Jones went to the general merchandise aisle where he stopped and spoke with a friend and picked up a package of shoe inserts. As Jones was talking with his friend, Winn-Dixie's store manager, James Watson, approached Jones and asked whether he could be of any assistance. Watson took the shoe inserts from Jones and, after Jones responded he did not need any assistance, Watson returned the inserts to him. Watson then walked away.

Once Jones finished talking to his friend, Watson followed him around the store. Jones testified he became nervous and put the shoe inserts on another aisle. Watson admitted he lost

---

[1] Jones voluntarily withdrew his cause of action for slander prior to trial. The trial judge granted Winn-Dixie's motion for directed verdict as to the outrage cause of action, from which Jones does not appeal.

sight on Jones several times and at no time did he see Jones conceal the shoe inserts. Nevertheless, Watson approached Jones again as Jones was walking up an aisle with one hand behind his back. Watson asked Jones to show him the shoe inserts and Jones explained he had placed them on another aisle. Watson then escorted Jones out of the store.

Jones testified that once they were outside the store, Watson began cursing and threatening him. Watson admitted telling Jones he was "going to kick his [a — —]" if he came back in the store again. Watson then grabbed Jones by the arm and led him back inside the store and into the store's public restroom. Watson closed the bathroom door, then told Jones to take down his pants, which Jones did. Watson was standing in front of the door. Jones testified he complied with Watson's request because be was scared and nervous and did not know what to do. Finding no evidence of any stolen merchandise, Watson allowed Jones to pull his pants back up and walked him out of the bathroom.

As Jones exited the bathroom, he was confronted by policemen, whom Watson had called after initially confronting Jones. Jones' mother was also present by this time. Watson then admitted to the police officers he found no store merchandise on Jones' person.

Watson testified Winn-Dixie has specific, written instructions set forth in its security manual and posted in its breakroom, which address the handling of suspected shoplifters. However, although he had been employed by Winn-Dixie for fourteen years, Watson admitted he breached every one of Winn-Dixie's seven policies regarding suspected shoplifters.

Jones testified he was embarrassed and humiliated by the incident. He stated he is now hesitant to enter stores for fear this will happen again. Jones' mother testified Jones became extremely withdrawn after the incident and began having disciplinary difficulties in school.

The jury returned verdicts for Jones on the false imprisonment and assault and battery causes of action. The verdicts were for $25,000 actual damages on each cause of action and $50,000 punitive damages on each cause of action. The trial court then reformed the verdict to one award of $75,000 finding Jones was entitled to only one recovery. The trial judge denied Jones' subsequent motion to reinstate the jury's original award.

On appeal, Jones argues the trial judge erred in reforming the jury's verdict because an election of remedies was unnecessary. We agree.

The doctrine of election of remedies involves a choice between different forms of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action. Stated another way, election of remedies is the act of choosing between different remedies allowed by law on the same state of facts. *Boardman v. Lovett Enterprises, Inc.*, 283 S.C. 425, 323 S.E. (2d) 784 (Ct. App. 1984), rev'd on other grounds, 287 S.C. 303, 338 S.E. (2d) 323 (1985). Its purpose is to prevent double redress for a single wrong. *Save Charleston Foundation v. Murray*, 286 S.C. 170, 333 S.E. (2d) 60 (Ct. App. 1985). Where a party has asserted only one primary wrong, he is entitled to only one recovery. *Boardman*, 283 S.C. 425, 323 S.E. (2d) 784 (Ct. App. 1984). However, the principle has no application where two separate causes of action, each based on different facts, exists. *Harmon v. Jenkins*, 282 S.C. 189, 318 S.E. (2d) 371 (Ct. App. 1984).

Jones' action for false imprisonment is not based upon the same elements as his action for assault and battery.

False imprisonment is the deprivation of one's liberty without justification. *Caldwell v. K-mart Corp.*, 306 S.C. 27, 410 S.E. (2d) 21 (Ct. App. 1991). In order to recover under a theory of false imprisonment, the complainant must establish (1) the defendant restrained him; (2) the restraint was intentional; and (3) the restraint was unlawful. *Andrews v. Piedmont Air Lines*, 297 S.C. 367, 377 S.E. (2d) 127 (Ct. App. 1989). The tort of false imprisonment does not require an actual injurious touching. False imprisonment may be committed by words alone, or by acts alone or by both, and by merely operating on the will of the individual, or by personal violence, or by both. *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 317 S.E. (2d) 748 (Ct. App. 1984). On the other hand, an assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree. *Id.*

We agree with Jones there is evidence he was the victim of both false imprisonment and assault and battery and these distinctive injuries occurred at different

times and were the result of separate and distinct actions on Watson's part. Watson assaulted Jones when he threatened him outside the store. The battery occurred when Watson thereafter grabbed Jones' arm and escorted him back into the store. Even if Watson had taken no further action against Jones, Jones could have recovered damages for assault and battery. Watson, however, did take further injurious action against Jones when he escorted Jones into the bathroom, stood with his back to the door and compelled Jones to pull down his pants before allowing him to leave. We therefore find no merit in Winn-Dixie's argument that Jones is entitled to only a single recovery for a single wrong.

Winn-Dixie contends the trial judge's order of reformation should be affirmed because Jones failed to properly object to the judge's ruling. We disagree.

We first note that Winn-Dixie relies on two passages in the transcript wherein the trial judge was ruling on Winn-Dixie's directed verdict motion on the outrage cause of action. These passages had no relation to, and were not rulings on election between the false imprisonment and assault and battery causes of action.

Winn-Dixie cites a third passage from the transcript wherein the trial judge indicated he was submitting two separate verdict forms to the jury, one for assault and battery and one for false imprisonment. He then stated:

> He doesn't have to elect. He's got a right to recover. He just doesn't have the right to recover for those same damages twice.

Contrary to Winn-Dixie's assertion, this was not a clear ruling from the trial judge that Jones was entitled to only a single recovery, thereby requiring Jones to object at that point. The trial judge stated only that Jones was not entitled to recover the *same damages* twice.

Winn-Dixie, however, argues, if a recovery were to be allowed on both causes of action, then the trial judge was required to charge the jury that the same damages could not be awarded under both causes of action. It contends such an instruction was necessary to prevent overlapping damage awards. In an instance such as this, if a jury issue arises as to damages in both causes of action, the trial judge

can by proper instruction see that the plaintiff is not paid twice for any one injury. *See Gantt v. Universal C.I.T. Credit Corp.*, 254 S.C. 112, 173 S.E. (2d) 658 (1970) (wherein the Supreme Court found no error in the trial judge's refusal to require the plaintiff to elect between two distinct and separate causes of action of invasion of privacy and libel and slander based on different actions taken by the defendant, noting proper instruction can avoid duplicative damages problem). However, it was incumbent upon the defendant to request such an instruction. *See Friedman v. Fludas*, 122 S.C. 153, 115 S.E. 200 (1922) (no error may be predicated on failure of court to give charge which was not requested).

We further note the trial court properly charged the jury as to damages on both the assault and battery and false imprisonment actions and submitted the causes of action to the jury on separate verdict forms. The jury returned the two verdict forms awarding Jones $25,000 actual and $50,000 punitive damages on each cause of action. The jury therefore obviously considered Watson's actions constituted two separate wrongs and determined Jones was entitled to a total of $150,000 for his injuries.

Finally, we note Winn-Dixie made no motion to have Jones "elect his remedy" until after the jury returned its verdict and the trial judge raised the issue sua sponte. After the jury returned its verdict and the trial judge reformed the verdict, Jones requested ten days in which to file his posttrial motions. Jones thereafter timely moved to amend the trial court's judgment so as to reinstate the jury's verdict.

The comments of the trial judge were not made in response to any motion on Winn-Dixie's part to compel Jones to elect his remedy. Jones had no reason to object until the court actually reformed the verdict. Accordingly, we find Jones timely objected to the trial judge's ruling.

For the foregoing reasons the decision of the trial court is reversed and the case remanded for reinstatement of the jury's verdict.

Reversed and remanded.

GOOLSBY, J., and HOWARD, Acting Judge, concur.