**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CECIL H. BARNES,
<u>Plaintiff-Appellant,</u>

v.

DONALD DANNER, Individually and in

his official capacity as a deputy
sheriff in Aiken County, South
Carolina; CARROL HEATH,
<u>Defendants-Appellees.</u>

No. 95-8556

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-2806-1-6)

Argued: September 26, 1996

Decided: December 23, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lexious Algernon Rogerson, Jr., Lexington, South Caro-
lina, for Appellant. Michael Stephen Pauley, LIDE, MONTGOM-
ERY, POTTS & MEDLOCK, P.C., Columbia, South Carolina, for
Appellees. **ON BRIEF:** Vinton D. Lide, LIDE, MONTGOMERY,

POTTS & MEDLOCK, P.C., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A deputy sheriff, Donald Danner, entered a bingo hall to arrest Darlene Loadholt for a violation of law. Danner asked and received a promise of assistance in locating Loadholt, whom he believed to be at the hall, from Cecil Barnes, who was the operator of the bingo hall. Barnes spoke with Loadholt and after the conversation Loadholt left the bingo hall by the back door.

Suspecting that Barnes had advised Loadholt to escape, Danner swore out a warrant for Barnes' arrest.

The charges were nolle prossed in state court. The prosecutor asserted the lack of sufficient dependable witnesses, not a belief in Barnes' innocence, was the reason for the nolle prosse.

Barnes sued Danner in federal district court under 42 U.S.C. § 1983 for wrongful arrest and prosecution. He also appended a state claim for malicious prosecution.

The 1983 claim raised the question of qualified immunity and probable cause and was submitted to the jury. The jury found for Danner and the former sheriff who was also sued. Barnes contends that the trial judge's jury instructions regarding probable cause and qualified immunity were improper. Challenges to jury instructions are reviewed under the abuse of discretion standard. Nelson v. Green Ford, Inc., 788 F.2d 205, 208 (4th Cir. 1986). When considering an objection to jury instructions, the court must determine if the jury

2

instructions, taken as a whole, fairly state controlling law. Barber v. Whirlpool Corp., 34 F.3d 1268, 1279 (4th Cir. 1994).

Barnes contends that the trial court erred in its instruction regarding qualified immunity. He argues, relying on Sevigny v. Dicksey, 846 F.2d 953, 956 (4th Cir. 1988), that the court should have instructed the jury that an officer is chargeable with knowledge of exculpatory evidence which he would have discovered had he investigated readily available sources of information.

We disagree. We have never interpreted Sevigny , which involved a warrantless arrest, to mean that the police must, to comply with the Fourth Amendment, investigate all sources of possibly exculpatory information. This is neither a case of the police pursuing mutually contradictory theories, nor of the police pursuing charges which would have been ruled out as flatly unsupportable with readily available information, but of a police officer seeking an arrest warrant based upon the statement of one witness whose credibility was in factual dispute. Danner's failure to investigate further is but one factor in both the qualified immunity and probable cause questions.

Given that Danner sought an arrest warrant, the question is "whether a reasonably well-trained officer in[Danner's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley v. Briggs, 475 U.S. 335, 345 (1986). The District Court's instructions, read as a whole, properly charged the jury on both qualified immunity and probable cause, and the jury's verdict indicates that the jury necessarily found the witness credible and Danner's reliance on the witness's statement therefore reasonable.

Barnes also argues that the trial court's instructions regarding probable cause were improper. However, since we find that Danner was entitled to qualified immunity, we need not address whether Danner acted with probable cause. Torchinsky v. Siwinski, 942 F.2d 257, 260 (4th Cir. 1991).

The district court granted a judgment as a matter of law on the state law claim of malicious prosecution. In order to sustain an action for malicious prosecution, the plaintiff must establish that the criminal

3

proceeding was terminated in his favor. <u>Jordan v. Deese</u>, 452 S.E.2d 838, 839 (S.C. 1995). A <u>nolle prosse</u> may establish that the criminal proceeding was terminated in the accused's favor, provided it is "entered under circumstances which imply or are consistent with innocence of the accused." <u>McKenney v. Jack Eckerd Co.</u>, 402 S.E.2d 887 (1991), overruling <u>Harrelson v. Johnson</u>, 111 S.E. 882 (S.C. 1922).

While the District Court may have erred by holding that the prosecutor's subjective beliefs were determinative on whether the <u>nolle prosse</u> was consistent with Barnes' innocence, this is at most harmless error. In addition to the requirement of favorable termination, other elements of South Carolina's tort of malicious prosecution include "malice in instituting the proceedings" and "lack of probable cause." <u>Jordan v. Deese</u>, 452 S.E.2d 838, 839 (S.C. 1995). The jury's verdict on the federal § 1983 claims necessarily negates one or both of these elements on the state law claim.

Barnes also has sought retrial complaining of Danner's being permitted to introduce evidence of Barnes' wealth. While that would normally be reversible error necessitating a new trial, <u>United States v. Socony-Vacuum Oil Co.</u>, 310 U.S. 150, 239 (1940), there is an exception applicable here where the other party has already introduced evidence of financial condition. <u>Blankenship v. Rowntree</u>, 219 F.2d 597, 598 (10th Cir. 1955).

The plaintiff testified regarding his wealth and business accomplishments as general background. He testified that he was in the banking business for sixteen years. J.A. at 484. In addition, he testified that he operated a nursing home business and operated and owned nine roller skating rinks. He also testified that the bingo operation paid over fifty-five thousand dollars in admission and sales tax every month. J.A. 486. Hence, although trial courts should avoid admitting references to wealth, it was not an abuse of discretion for the district court to admit proof of Barnes' financial condition since Barnes already introduced such evidence.

Accordingly, the judgment is

<u>AFFIRMED</u>.