UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MAXINE NICHOLAS,

*Plaintiff-Appellee,*

v.

WAL-MART STORES, INCORPORATED,

*Defendant-Appellant.*

No. 01-1441

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-99-2436-3-10)

Argued: January 23, 2002

Decided: April 4, 2002

Before NIEMEYER and TRAXLER, Circuit Judges, and
Cynthia H. HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed in part and reversed and remanded in part by unpublished
per curiam opinion.

## COUNSEL

**ARGUED:** Kyle Leslie Holifield, Corporate Appellate Counsel,
WAL-MART IN-HOUSE LITIGATION TEAM, Bentonville, Arkansas, for Appellant. Paul Lee Reeves, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

*BACKGROUND*

Plaintiff/appellee Maxine Nicholas, a former cashier for defendant/appellant Wal-Mart Stores, Inc. ("Wal-Mart"), was arrested on complaint of Wal-Mart management, and charged with a breach of trust for allowing a customer to leave the store without paying for merchandise. Wal-Mart claims that the conduct upon which the charge was founded had been captured on videotape, which was later viewed by four Wal-Mart employees. However, no witness observed Nicholas' conduct at the time it was happening.

Based solely on the contents of the videotape, Wal-Mart summoned the police, lodged a complaint against Nicholas, and swore out an affidavit in support of her arrest. The criminal case against Nicholas was called on the docket several times, but the matter never reached trial. Rather, the criminal case was eventually dismissed by *nolle prosequi*, although the reasons for this dismissal remain unclear.

Thereafter, Nicholas initiated this action against Wal-Mart, alleging claims of malicious prosecution, false imprisonment, defamation, abuse of process and invasion of privacy. During discovery for the civil trial, Wal-Mart claims that it realized for the first time that the videotape portraying Nicholas' conduct giving rise to the criminal case had been lost. Nicholas filed a motion *in limine* to prevent Wal-Mart's witnesses from testifying as to what they saw on the videotape, which the district court granted on the morning of trial. Thus, while the Wal-Mart employees who claimed they had viewed the videotape were permitted to state that Nicholas did "slide the merchandise,"*

---

*When a cashier intentionally allows a customer to leave the store without paying for merchandise, this is referred to within the trade as "sliding."

these witnesses were forced to admit that they had not seen her slide the merchandise contemporaneously to the act, and were not permitted to say how they knew she had done it.

The case proceeded to trial. After the district court dismissed Nicholas' abuse of process and invasion of privacy claims at the close of evidence, the case was submitted to the jury on the claims of malicious prosecution, false imprisonment, and defamation. The jury returned a verdict of $35,000 in compensatory damages and $65,000 in punitive damages in favor of Nicholas. Wal-Mart subsequently filed motions for judgment as a matter of law and for a new trial. The district court denied these motions, and Wal-Mart appeals.

## *DISCUSSION*

## I. JUDGMENT AS A MATTER OF LAW

### A. *Standard of Review*

A Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law follows the same standard as a Rule 56 motion for summary judgment. When reviewing a district court's denial of a Rule 50(b) motion, we apply the summary judgment standard *de novo*. *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 230 (4th Cir. 1999); *Brown v. CSX Transportation, Inc.*, 18 F.3d 245, 248 (4th Cir. 1994). As to each of Nicholas' causes of action, we must reverse the district court's denial of Wal-Mart's motion if Nicholas has failed to adduce substantial evidence in support of any element of her claim.

### B. *Merits*

### 1. Malicious Prosecution

In order to maintain an action for malicious prosecution, Nicholas must show: (1) institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, Wal-Mart; (3) termination of such proceedings in her favor; (4) malice in instituting the proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Jordan v. Deese*, 452 S.E.2d 838, 839 (S.C. 1995).

Wal-Mart challenges the sufficiency of Nicholas' evidence as to her contention that the criminal proceedings terminated in her favor.

In *McKenney v. Jack Eckerd Co.*, 402 S.E.2d 887 (S.C. 1991), the South Carolina Supreme Court held that "where an accused establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." 402 S.E.2d at 888. The South Carolina Supreme Court stated that the rule it announced "accords with" the Restatement (Second) of Torts, § 660 (1977). *Id.* We predict that the South Carolina Supreme Court would agree with other courts that have also relied on the Restatement's formulation of the rule insofar as they have imposed upon malicious prosecution plaintiffs the affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused. *See, e.g.*, *Swick v. Liautaud*, 662 N.E.2d 1238, 1243 (Ill. 1996).

Nicholas did not meet this burden. Her evidence that the criminal case was terminated in her favor consists only of the following testimony offered by her at trial:

A.   . . . I went to trial three times and you didn't show up.

Q.   Ok, there was no jury?

A.   No.

Q.   There was [sic] no witnesses?

A.   You didn't show up.

Q.   I personally didn't show up?

A.   Well, you represent Wal-Mart.

Q.   I think my question was, no jury, no witnesses, no judge, no court reporter.

A.   I am not going to say there was no judge. When I went in the courtroom there were people in there. I think there was a judge there.

Q.   But your case was never called, it was dropped because
     no one was there to prosecute it?

A.   Okay. Yes, that's what happened.

This testimony is insufficient to allow a juror to reasonably infer that the case had been dismissed for reasons consistent with Nicholas' innocence. The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are dismissed by *nolle prosequi*, a civil malicious prosecution action could result. As Nicholas did not adduce sufficient evidence from which it could be inferred that the reason for the *nolle prosse* was her innocence, the district court erred in denying Wal-Mart's motion for judgment as a matter of law as to Nicholas' malicious prosecution claim.

## 2. False Imprisonment

False imprisonment is the deprivation of one's liberty without justification. *Jones v. Winn-Dixie Greenville, Inc.*, 456 S.E.2d 429, 432 (S.C. Ct. App. 1995). In order to recover under a theory of false imprisonment, Nicholas must establish that (1) Wal-Mart restrained her; (2) the restraint was intentional; and (3) the restraint was unlawful. *Id.*

Wal-Mart claims that Nicholas' false imprisonment claim fails because Nicholas' arrest was effected by a warrant lawfully procured and issued and supported by an affidavit adequately stating facts amounting to a criminal offense. We find this argument to be without merit. Nicholas testified that Wal-Mart employees confronted her and detained her until the police officers they had summoned arrived and arrested her. Nicholas stated that after being confronted by a Wal-Mart manager about the "sliding" incident, she was escorted to a break room by a Wal-Mart employee and told to "stay there," and that she did not attempt to leave because she felt she had to stay and did not feel free to leave. Accordingly, there is evidence that Wal-Mart actively participated in restraining Nicholas. Contrary to Wal-Mart's contention, application of the charge of false imprisonment is not confined to the party who unlawfully seizes or restrains another, but

rather extends to any person who may cause, instigate or procure an unlawful arrest. *Wingate v. Postal Telegraph & Cable Co.*, 30 S.E.2d 307, 310-11 (S.C. 1944). Nicholas has submitted evidence from which a jury could determine that Wal-Mart management themselves participated in the detention of Nicholas and induced the police to unlawfully arrest her. This evidence supports the inference that a reasonable person would not have felt free to leave the break room while the police were summoned. Accordingly, the district court did not err in denying Nicholas' motion for judgment as a matter of law as to her false imprisonment claim.

### 3. Defamation

Nicholas's claim for defamation was permitted to reach the jury on the theory that Wal-Mart defamed her when, at Wal-Mart's request, the police arrested her and led her out of the store in handcuffs. Nicholas contends that customers and co-employees witnessed the officers taking her out of the store.

To establish defamation, Nicholas must show: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Murray v. Holman, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001). Wal-Mart contends that it is entitled to judgment as a matter of law on the defamation claim on three grounds: first, that there was no evidence that the statement was false; second, that there was no publication to a third party; and third, that the statements were absolutely privileged and there was no evidence of malice to rebut the absolute privilege.

### a. *Falsity*

Wal-Mart's argument that there was no evidence of falsity fails. Nicholas' testimony included statements that Wal-Mart's arrest was the product of a malicious attempt by Wal-Mart management to retaliate against Nicholas for a complaint that she had filed against it. Nicholas testified to prior "bad blood" between herself and the store manager regarding her scheduling and a complaint she made to the home office about her manager's response to her requests. Her testi-

mony indicated that she had favorable reviews and no disciplinary problems until after she complained to the home office regarding the manger's treatment of her request for full-time hours. Shortly after she made this complaint, she testified that she received disciplinary cautions on cash shortages. This testimony, viewed in the light most favorable to Nicholas, could lead the jury to believe that Nicholas was not in fact guilty of sliding merchandise, but rather, that she had been "set up" by Wal-Mart management. Indeed, Wal-Mart concedes that the only evidence contradicting this theory was the excluded testimony regarding the contents of the videotape.

### b. *Publication*

Wal-Mart concedes that the police leading Nicholas out of the store in handcuffs insinuated that Nicholas had committed some criminal act, or at least one for which she could be arrested. However, Wal-Mart argues that Nicholas has not shown a publication because she submitted no evidence indicating that the arrest was witnessed by any third persons.

Wal-Mart's argument to this effect fails because Nicholas' trial testimony reasonably supports an inference that third persons observed the arrest:

> Q.  When you walked out of the office, were you in the store itself?
>
> A.  Yes.
>
> Q.  Were there customers there?
>
> A.  Yes.
>
> Q.  Did you see your co-employees there?
>
> A.  Yes.

The jury could reasonably infer from this testimony that as Nicholas saw customers and co-employees, the customers and co-

employees saw her being escorted out of the store in hand-cuffs by the police and the store manager. Indeed, it is difficult to imagine that amidst the commotion of an arrest, the customers and co-employees could have helped but to have seen the police officers leading Nicholas out of the store.

### c. *Malice*

The parties agree that the alleged publication was privileged, and that as such, no liability may attach based thereon unless there is proof that the publication was made with malice. *See also Murray*, 542 S.E.2d at 750. However, Wal-Mart's assertion that Nicholas produced no evidence that the actions of the police were occasioned by malice on the part of Wal-Mart is without merit. The same evidence that supports Nicholas' assertion of falsity supports a finding of malice.

Accordingly, the district court did not err in denying Wal-Mart's motion for judgment as a matter of law as to Nicholas' defamation claim.

### II. MOTION FOR NEW TRIAL

### A. *Standard of Review*

On a motion for a new trial under Federal Rule of Civil Procedure 59(e), a district court is permitted to weigh the evidence. *Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994). The court should grant a new trial if the verdict (1) is against the clear weight of the evidence, (2) is based on evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.,* 99 F.3d 587, 594 (4th Cir. 1996)). The district court's decision not to order a new trial is reviewed for clear abuse of discretion. *Bristol Steel*, 41 F.3d at 186.

### B. *Merits*

Wal-Mart argues that a new trial is necessitated because of what it contends was an erroneous exclusion of the proffered testimony

regarding the contents of the videotape. We review the district court's evidentiary ruling for an abuse of discretion. *Bank of Montreal v. Signet*, 193 F.3d 818, 833 (4th Cir. 1999).

The district court granted Nicholas' motion *in limine* to exclude the proffered evidence as to the contents of the videotape on the ground that it would constitute hearsay. As the parties now agree, the conduct on the tape is not assertive conduct, and as such, is not hearsay. *See, e.g., Commonwealth v. Lewis*, 623 A.2d 355, 357 (Pa. Super. Ct. 1993). In determining that the contents of the tape were hearsay, the district court erred.

Nonetheless, Nicholas argues that the district court's evidentiary ruling should be affirmed because the proffered testimony could properly have been excluded pursuant to the best evidence rule. The best evidence rule provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002. Wal-Mart concedes that the proffered testimony was offered for the purpose of proving the contents of the videotape, but argues that the testimony is admissible pursuant to the "lost original" exception to the best evidence rule.

Federal Rule of Evidence 1004 sets forth the lost original exception, stating that "[t]he original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if . . . all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." As a prerequisite to the admission of secondary evidence under the lost original exception, Wal-Mart, as proponent of admission of the evidence, bears the burden to lay a foundation by showing the original has been lost. *Simpson & Co. v. Dall*, 70 U.S. 460, 474-75 (1865); *see also Sellmayer Packing Co. v. Commissioner of Internal Revenue*, 146 F.2d 707, 710 (4th Cir. 1944) (one who offers secondary evidence of contents of a document allegedly lost must demonstrate to the court's satisfaction that document once existed, that after a diligent search it cannot be found, and that there is no reasonable probability that it has been designedly withheld or suppressed).

While Wal-Mart submitted some evidence as to the diligence of the search undertaken for the videotape, we do not rule on the issue of

whether Wal-Mart adequately demonstrated that the videotape was lost. Because the district court believed that the proffered testimony was hearsay, it did not fully develop the record to establish whether Wal-Mart's search was sufficiently diligent or whether the tape had been destroyed in bad faith. We believe that the district court should have the opportunity to make this determination, hearing argument and taking whatever evidence it deems necessary.

Assuming that the testimony as to the contents of the videotape is admissible, the exclusion of the proffered testimony was not harmless because it affected the substantial rights of Wal-Mart. The proffered testimony was the only direct proof in support of Wal-Mart's defenses on the merits to Nicholas' malicious prosecution, false imprisonment, and defamation claims. Allowing the judgment in favor of Nicholas to stand despite the exclusion of Wal-Mart's principal evidence in its defense would amount to a miscarriage of justice. Accordingly, if on remand the district court determines that the proffered testimony should have been admitted, a new trial is warranted.

*CONCLUSION*

For the foregoing reasons, the district court's denial of Nicholas' motion for judgment of a matter of law is affirmed in part and reversed in part. The district court's denial of Nicholas' motion for a new trial is reversed and remanded to the district court for further proceedings to determine whether the proffered testimony regarding the contents of the videotape is admissible. If the district court determines that this evidence is admissible, it should order a new trial on Nicholas' false imprisonment and defamation claims.

*AFFIRMED IN PART AND*

*REVERSED AND REMANDED IN PART*

TRAXLER, Circuit Judge, concurring in part and dissenting in part:

Maxine Nicholas, having been charged with a criminal offense, went to court on three separate occasions to defend herself. Her case was never called for trial, and the charge was ultimately dismissed

because no witnesses ever appeared in court against her. In short, Wal-Mart never provided the state with a shred of evidence incriminating Nicholas despite being called on to do so several times. That no witnesses ever appeared against Nicholas, and that Wal-Mart otherwise failed to produce any evidence of her guilt, strongly suggests there was no such evidence. Those facts unquestionably establish that the criminal charge was dismissed for reasons that imply or are consistent with innocence, and Nicholas's malicious prosecution claim should therefore withstand a Rule 50(b) motion. To demand more of Nicholas is to go beyond what state law requires, *see McKenney v. Jack Eckerd Co.*, 402 S.E.2d 887, 888 (S.C. 1991) (holding that a malicious prosecution plaintiff need only "establish[ ] that charges were *nolle prossed* for reasons which imply or are consistent with innocence"), and to impose a nearly insurmountable barrier to would-be plaintiffs. Accordingly, I dissent from Part B(1) of the majority opinion. In all other respects, I concur.