THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Glenda Couram,       
Appellant,
 
 
 

 
 
 v.
 

 
 
 
The South Carolina Department of Social Services,       
Respondent.
 
 
 

Appeal From Lexington County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-034
Submitted June 3, 2002 - Filed January 14, 2003

AFFIRMED IN PART AND
REVERSED IN PART

 
 
 
Gloria Y. Leevy, of Columbia, for appellant.
Patrick J. Frawley, of Lexington, for respondent.
 
 
 

PER CURIAM: Glenda Couram appeals the grant of summary judgment 
 to defendant Lexington County Department of Social Services on her claims of 
 wrongful termination, intentional infliction of emotional distress/ outrage, 
 (1) defamation, and malicious prosecution. We affirm in part and reverse 
 in part. 
 
 FACTS/PROCEDURAL HISTORY 

In 1997 Glenda Couram was an at-will employee of the Lexington County Department 
 of Social Services (DSS). In early June, as part of her employment, Couram was 
 required to take a child under DSS supervision to the Lexington County Department 
 of Mental Health (DMH). Believing Couram had administered corporal punishment 
 to the child, DMH employees reported their observations to DSS. Although Couram 
 denied the allegations, DSS terminated her employment and initiated criminal 
 proceedings for simple assault. Couram was tried on the charge and acquitted 
 on April 23, 1998. 
On September 29, 1998, Couram wrote a letter to DSS Director William Walker 
 notifying him of her intent to file an administrative claim against the agency 
 for violating her civil rights and requesting information on the appropriate 
 process. However, by her own admission Couram did not serve the underlying complaint 
 until November 24, 1999. DSS answered on December 21, 1999, pleading, inter 
 alia, a statute of limitations defense. 
On April 27, 2000, DSS filed a motion for summary judgment. The trial court 
 held a hearing on June 9, 2000 and on June 22 issued an order granting summary 
 judgment to DSS based on the applicable statute of limitations. Couram subsequently 
 filed a motion to reconsider, which the court denied. On September 18, 2000, 
 the trial court entered its final judgment on all causes of action. This appeal 
 followed. 
LAW/ANALYSIS
 
 Standard of Review 

"The purpose of summary judgment is to expedite disposition of cases which 
 do not require the services of a fact finder." George v. Fabri, 345 S.C. 440, 
 452, 548 S.E.2d 868, 874 (2001). Summary judgment, therefore, is appropriate 
 when the information before the court shows no genuine issue of material fact 
 and that the moving party is entitled to a judgment as a matter of law. See 
 Rule 56 (c), SCRCP. "In determining whether any triable issues of fact exist, 
 the evidence and all reasonable inferences therefrom must be viewed in the light 
 most favorable to the non-moving party." Osborne ex rel. Osborne v. Adams, 346 
 S.C. 4, 7, 550 S.E.2d 319, 321 (2001). 
Discussion
Couram argues the trial court erred in granting summary judgment to DSS on 
 her causes of action for wrongful termination, intentional infliction of emotional 
 distress/outrage, defamation, and malicious prosecution. With the exception 
 of the latter claim, we disagree. 
As an action filed against a state agency, in this case DSS, Couram's case 
 is governed by the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-20(b) 
 (Supp. 2001) ("The remedy provided by this chapter is the exclusive civil remedy 
 available for any tort committed by a governmental entity, its employees, or 
 its agents . . . ."). Thus, in the absence of a properly submitted verified 
 claim pursuant to § 15-78-80 extending the filing time by one year, the statute 
 of limitations applicable to such actions is two years. Id. at § 15-78-110. 

The trial court found Couram's letter to William Walker did not meet the statutory 
 requirements of a verified claim and Couram does not dispute this finding. Instead, 
 she argues the trial court should have extended the statute of limitations to 
 three years because she "substantially complied" with the verified claim procedure. 
 However, our courts repeatedly have held that such claims must comply strictly 
 with the verification procedure outlined in the Tort Claims Act, and that "[s]ubstantial 
 compliance is not sufficient." Vines v. Self Mem'l Hosp., 314 S.C. 305, 307, 
 443 S.E.2d 909, 910 (1994); see Joubert v. S.C. Dep't of Soc. Servs., 341 S.C. 
 176, 534 S.E.2d 1 (Ct. App. 2000). Accordingly, we hold the trial court did 
 not err in employing the Act's two-year statute of limitations to each cause 
 of action. 
Couram, however, further contends the trial court erred in concluding her actions 
 were time-barred, arguing the court erroneously used June 1997 as the triggering 
 date for limitations purposes rather than April 23, 1998, the date she was acquitted 
 of simple assault. According to Couram, the causes of action alleged did not 
 accrue until after her acquittal on the criminal charge. Again, with the exception 
 noted above, we disagree. 
As Couram correctly notes, the discovery rule applies to actions brought pursuant 
 to the Tort Claims Act. See § 15-78-110(a) ("Except as provided for in Section 
 15-3-40, an action for damages under this chapter may be instituted at any time 
 within two years after the loss was or should have been discovered . . . ."). 
 Under this rule, the statute of limitations begins to run when a cause of action 
 "reasonably ought to have been discovered." Bayle v. S.C. Dep't of Transp., 
 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001). In other words, the 
 beginning date is when an injured party "either knows or should have known [through] 
 the exercise of reasonable diligence" that he has or may have a claim against 
 a governmental entity. Id. Although Couram asserts that "the issue of when the 
 statute [of limitations] started to run is a disputed fact in this case," the 
 issue is not a subjective one amenable to resolution by a jury. To the contrary, 
 it is our courts that must decide whether the circumstances of a particular 
 case would put a person of common knowledge and experience on notice that a 
 claim for damages might exist. Id.; see Joubert, 341 S.C. at 191, 534 S.E.2d 
 at 8. 
As discussed, since Couram failed to file a timely, properly verified claim 
 pursuant to the Tort Claims Act, the applicable statute of limitations to all 
 causes of action is two years. Moreover, it is undisputed Couram served DSS 
 with the underlying complaint on November 24, 1999. Thus, in order to survive 
 DSS' limitations defense, Couram was required to demonstrate to the trial court 
 that she did not know, nor should she have known, that her causes of action 
 existed prior to November 24, 1997. The trial court, however, found the triggering 
 date for all causes of actions occurred more than two years prior to Couram's 
 service of the complaint, i.e., either on the date of her termination by DSS 
 or the date DSS initiated a criminal complaint against her. With the exception 
 of the cause of action for malicious prosecution, as noted above, we agree. 

According to the complaint, Couram's causes of action for wrongful termination, 
 intentional infliction of emotional distress/outrage, and defamation are all based on the same set of facts--that in June 1997 DSS, upon being informed 
 Couram had inflicted corporal punishment upon a child in her care, thereafter 
 terminated Couram's employment and initiated criminal proceedings against her. 
 Without question, at this time Couram was aware of the allegations against her 
 which led to her dismissal from DSS and arrest for simple assault. 
Given her vehement denial of the allegations, and her statement in the complaint 
 that "there was no reason she should have been terminated at the time," we agree 
 with the trial court that Couram either knew or should have known a cause of 
 action might exist. Accordingly, we affirm the grant of summary judgment on 
 the causes of action for wrongful termination, intentional infliction of emotion 
 distress/outrage, and defamation, as they were not timely filed. 
Couram's cause of action for malicious prosecution, however, is not time-barred. 
 To sustain an action for malicious prosecution, a plaintiff must prove a defendant, 
 without probable cause, maliciously instituted or continued or caused to have 
 instituted or continued civil or criminal judicial proceedings terminating 
 in the plaintiff's favor and resulting in injury or damage. Jordan v. Deese, 
 317 S.C. 260, 452 S.E.2d 838 (1995). Thus, a plaintiff cannot maintain an action 
 for malicious prosecution until after the original proceeding has terminated 
 in his favor. See id., 52 Am. Jur. 2d Malicious Prosecution § 28 (2000). Because 
 the cause of action does not accrue until proceedings terminate, the statute 
 of limitations for malicious prosecution does not begin to run until such time. 
 See McCammon v. Oldaker, 516 S.E.2d 38 (W. Va. 1999) (holding the statute of 
 limitations on an action for malicious prosecution does not begin to run until 
 after the termination of the prosecution in favor of the plaintiff); Christian 
 v. Lapidus, 833 S.W.2d 71 (Tenn. 1992) (stating an action for malicious prosecution 
 accrues when all elements of the tort are present). 
Accordingly, despite her personal conviction she was being unfairly prosecuted, 
 Couram could not have known of the existence of a cause of action for malicious 
 prosecution until a jury acquitted her, thereby establishing an essential element 
 of the claim. It is undisputed the criminal action against Couram terminated 
 in her favor on April 23, 1998. As a result, the statute of limitations for 
 malicious prosecution began to run on that date. Because the parties agree Couram 
 served the underlying complaint on November 24, 1999, well within the two-year limitations period required by the Tort Claims Act, 
 her claim for malicious prosecution is timely. We therefore reverse the grant 
 of summary judgment on this cause of action. 
Finally, Couram argues DSS should be estopped from asserting a statute of limitations 
 defense because the agency's own actions caused her complaint to be filed outside 
 the limitations period. Because Couram first raises this issue on appeal, it 
 is not preserved for review. See Staubes v. City of Folly Beach, 339 S.C. 406, 
 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be 
 raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial court to be preserved for appellate review."). 
AFFIRMED IN PART and REVERSED IN PART. 
CURETON, STILWELL, and SHULER, JJ., concur. 

1. Although Couram's complaint sets forth "intentional 
 infliction of emotional distress" and "outrage" as separate causes of action, 
 they are in fact one and the same tort. See, e.g., Holtzscheiter v. Thomson 
 Newspapers, Inc., 306 S.C. 297, 411 S.E.2d 664 (1991); Ford v. Hutson, 276 S.C. 
 157, 276 S.E.2d 776 (1981).